Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 This:is an appeal from the District Court of the United States for the district of Wisconsin, exercising the powers of a Circuit Court.
 

 It appears that a bill was filed in that court by the appellant, práying an injunction to prohibit the conveyance of certain lots in the city of Milwaukie, which.had been sold for the' payment of city taxes assessed upon it> by. the corporation.
 

 
 *81
 
 The bill states that the city of Milwaukie is a corporation, chartered by the State; that, under its charter and the Constitution and laws of the State, it is authorized to assess certain taxes for corporate purposes upon the lots and property in the city, and, if the taxes are not paid according to law, to sell the lot upon Avhich it is charged. The bill further sets forth, that the appellant was the owner of sundry lots in the city, which are particularly described by their respective numbers, and also the assessment imposed upon them, respectively, the manner and purposes for which it was imposed, and the proceedings of the corporate authorities under this assessment, and the sale of the lots to pay the amount claimed to be due.
 

 And the bill then charges that the. corporation exceeded its powers in imposing these taxes, and, even if lawfully imposed, that the proceedings afterwards had were not conformable to the law of the State, which points out particularly the steps to be taken before the lot assessed can be sold. The bill charges, that upon the grounds above stated, the sale of his lots was illegal and invalid, and prays an injunction to prevent a conveyance to the purchaser, as such a conveyance would be a cloud upon his title. -
 

 . The bill alleges that the lots so sold are worth five hundred dollars, and that the taxes imposed excéed their value as .assessed on the books of the corporation more than two hundred percent..
 

 The corporation and their treasurer answered, and admitted the sale of the lots, and aver that the city had a lawful right to impose the tax.; that" their proceedings to recover it were fully authorized by law, and that the sales were valid, and will entitle the purchasers to a conveyance unless the appellant shall within three years redeem them, in the mariner and upon ;the terms provided fpr by the law of the State where lands or lots have been sold.for the non-payment of taxes. > -
 

 ■ Testimony was 'taken on both sides, which is set out in the. transcript. But in the view which the court take of the-case it is unnecessary to state it- particularly, or to set out at large the various points in controversy between the parties upon the bill and answer, because, upon the appellant’s own showing, this court have no jurisdiction.
 

 
 *82
 
 Appeals to this court from the Circuit Courts of the United States, and from District Courts exercising the jurisdiction of Circuit Courts, are regulated by the act of 1803, ch.40, where not otherwise specially provided for by act of Congrua. There ' is no special provision in the act establishing the District Court in 'Wisconsin which regulates appeals to this court, and consequently they are governed by the general law above referred tp; and by that law no appeal will lie, unless, the sum or value in controversy exceeds $2,000, and that fact, must be shown to the cqurt in order to give jurisdiction in, the appeal.
 

 Now, the matter in dispute in this case is the title to-the lots which have been sold by the municipal authorities for the nonpayment of the taxes. ■ The taxes assessed were chárged upon the respective lots, and created no personal responsibility upon the owner,- the lots alone being liable for the payment. ' And the only evidence or averment of their value is the statement of the complainant in his bill that they were worth more than five hundred, dollars, and his complaint that more than two hundred per cent, upon their value as mentioned in the boohs of the corporation was charged' upon them by . the assessment, and the proceedings of the city authorities under it. There is nothing in the allegations of the parties Or in the evidence to show that the value of the lots in question exceeded two thousand, dollars, nor. any thing from which it can be inferred.
 

 The appeal must therefore'-be dismissed for want of jurisdiction in this court.