WILLIAM HUBER, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

A provision for the reorganization of the Court of Special Sessions of the city of New York is not embraced in and is not connected with the subject of providing for the support of the government of that city. An act providing for either is "local." The insertion, therefore, in the city tax levy act for the year 1870, of a section designed to accomplish the reorganization of said court (section 49, chapter 383, Laws of 1871), was in hostility to section 16, article 3 of the State Constitution, which declares "that no private or *local* bill, etc., shall embrace more than one subject, and that shall be expressed in its title," and said section is void.

(Argued February 29, 1872; decided April 2, 1872.)

ERROR to the General Term of the Supreme Court in the first judicial department, affirming a judgment of the Court of Special Sessions in the city of New York, convicting the plaintiff in error of the crime of petit larceny. Plaintiff in error was tried in said court on the 19th of December, 1871, by one of the justices designated by the mayor of said city to hold said court, the other justice, the record stating, "being absent through disability." He was convicted and sentenced to six months' imprisonment.

*William F. Kintzing* and *Henry Wehle* for the plaintiff in error. Section 49 of chapter 383, Laws of 1870 is void under the provisions of section 16, article 3 of the Constitution of the State. (*Conner* v. *The Mayor, etc.,* 5 N. Y., 285; *Mut. Ins. Co.,* v. *The Mayor, etc.,* 8 id., 253; *People ex rel.* v. *Hills,* 35 id., 499; *People* v. *Supervisors, etc.,* 43 id., 15; *People* v. *O'Brien,* 38 id., 193; Smith's Com. on Con., 419.) The trial of plaintiff in error without a jury was unconstitutional. (Constitution, § 2, art. 1; *Cancieme* v. *The People,* 18 N. Y., 128; *Townsend* v. *Hendrick,* 40 How., 143; Laws of 1744, Van Schaik, vol. 1, p. 240; *People* v. *Kenedy,* 2 Parke's Cr. R., 312; *Murphy* v. *The People,* 2 Cowen, 815.) Jurisdiction of a court of inferior jurisdiction is never pre-

sumed. If the record omits to state facts giving it, such record, without proof of the facts *aliunde*, is not evidence. (*Bloom v. Burdick*, 1 Hill., 139 ; *Harrington* v. *The People*, 6 Barb., 610.)

*Algernon S. Sullivan* for the defendants in error. The Court of Special Sessions may be legally held by one justice. (Laws of 1870, chap. 383, § 49.) Plaintiff in error could have traversed the truth of the return and introduced evidence, *aliunde* the record. (*Devine's Case*, 11 Abb., 90 ; 6 Barb., 621.) Section 49 is constitutional. (*People* v. *Supervisors of Chautauqua*, 43 N. Y., 10 ; Sedgwick, 33 ; *Burnham* v. *Alton*, 4 Abb. [N. S.], 1.) The Constitution was not violated by permitting trial without a jury. (*Murphy* v. *The People*, 2 Cowen, 815 ; *Kennedy's Case*, 2 Parker Cr. R., 312 ; *Goodwin's Case*, 5 Wend., 251.)

ALLEN, J. The conviction of the plaintiff in error of the offence of petit larceny in the Court of Special Sessions in the city of New York, held by a single police justice, is sought to be sustained by a provision in the act of 1870 known as the " city tax levy." (Laws of 1870, chap. 383.) It is conceded that if for any reason that clause of the act was invalid, the court was not properly constituted, and the conviction must be reversed. Prior to 1865 the Court of Special Sessions in New York was held by any three of the police justices of that city, and could not be held by any less number. (Laws of 1858, chap. 282, § 8 ; *In re Devine*, 21 How. Pr. R. 80.) In 1865 the court was authorized to be held by the two police justices elected in the second and sixth judicial districts of the city, with power in the governor, in case of the death, removal from office or resignation of either of said justices, to designate one of the other police justices of the city to hold said court. (Laws of 1865, chap. 563.)

In 1870 the act of 1865 was repealed, and " all acts and parts of acts in force at the time of the passage of the said act, relative to said Court of Special Sessions, revived and re-en-

acted," and declared to be thenceforth "in full force, and effect." (Laws of 1870, chap. 30.)

The "city tax levy" act was subsequently enacted by the same legislature. (Laws of 1870, chap. 383.) The forty-ninth section of the latter (S. L., p. 917) declared that the court should be held by two police justices of the city, to be designated by the mayor, and "in case of any disability of either of the two police justices to hold court," it was declared to be "legal for the other to hold it while such disability continues." The acts passed in 1871 (chaps. 302 and 438) do not affect the question before us. They did not change the constitution of the court, except as they conferred power upon the mayor to designate a judge to hold the court in case of the sickness or disability of the police justices.

By chapter 30 of the Laws of 1870, the act of 1858 constituting the Court of Special Sessions in the city of New York was revived, not simply as the legal result of the repeal of the law of 1865, but it was in terms revived and re-enacted as the law in force, and at the time of the passage of the revivor.

The only question, then, is as to the validity of the provision in chapter 383 of the Laws of 1870, reorganizing and reconstructing the court. The constitutional prohibition upon the legislature in respect to private and local bills has come so often under review, and its purposes and objects, as well as its operation and effect, judicially declared, that nothing remains but to apply the principles of the adjudications and give effect to the plain intent of the provision to cases as they arise. It is declared that no "private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." (Const., art. 3, § 16.) This inhibition is absolute, and every act and part of an act passed in disregard of it is void. The enactment is not merely directory, to be followed or not as the legislature may think proper, but is mandatory, and a compliance with it is necessary to the validity of any act coming within its terms. (*People* v. *Hills*, 35 N. Y., 449; *People* v. *Supervi-*

*sors of Chautauqua*, 43 id., 10.)   The constitutional prohibition includes all acts whether local or private, and if either "local or private," the requirements of the Constitution must be complied with.  (*People* v. *Allen*, 42 N. Y., 378.)   If a bill is local in its operation and effect, although public in its character, it is within the constitutional enactment.   The provision in the act of 1870 was public as it concerned the administration of the criminal laws, and the trial and punishment of offenders, and provided for the organization and construction of a court of criminal jurisdiction.   But it was local inasmuch as it related to a court peculiar to the city of New York with jurisdiction only coextensive with the limits of that city, and of offences committed within its boundaries. An act regulating the duties of a public officer under the general laws of the State, if limited in its operation to a part of the State, or to a single county, is local, and must be passed in the form prescribed by the Constitution, although the subject-matter of the enactment is public, and affects public interests.  (*Gaskin* v. *Meek*, 42 N. Y., 186 ; *People* v. *O'Brien*, 38 id., 193.)

The act in which the section relating to the organization of the Court of Sessions in New York is found, is a local act in all its parts, and is in no respect or in any of its provisions general, although all its provisions are public, and this section does not differ from the other parts of the act in this respect. The act is such as is annually passed by the legislature, and is known as the "city tax levy."

A similar act is annually passed for the county of New York known as the "county tax levy."   The one is entitled "An act to make further provision for the government of the county of New York."   (Laws of 1870, chap. 382.)   The other, that under consideration, "An act to make further provision for the government of the city of New York." (Laws of 1870, chap. 383.)   The purpose and object of each is to provide for the expenditures of the city and county governments respectively.   They direct the levy of taxes, and make provision for the disbursement of the sums raised.

The titles of the acts are apt and expressive of their purpose and object, indicating clearly that they are revenue acts, acts providing ways and means for the support and carrying on the governments of the city and county as organized. The title of the act does not indicate an intent to change the form and alter the character of the city government in any way, or to amend the charter. Where the legislature intends to do either, the title expresses the intent and characterizes the act. (See Laws of 1870, chap. 137; Laws of 1871, chaps. 573, 574.) To provide is " to procure beforehand for future use," " to furnish," " to supply," " to procure supplies or means of defence," and to make provision is to provide means or supplies. The merchant makes provision for his bills by putting the drawee in funds to pay them. Provision is made for the poor by the raising of moneys for their support.

Provision is made for a government by placing at its disposal the " ways and means " for the payment of its officers and its necessary expenditures. It would do violence to language to hold that an act " to make provision for the city government " was an act to create, to reorganize, or to change the government or its organic law in any respect. The very words recognize a city government as in existence, and for the support of which provision is to be made.

The governmental organization, as its exists, is to be provided for by supplying it with the proper means for its necessary disbursements and expenditures. The organization of the Court of Sessions anew in the city of New York had no connection with the provision for the government of the city contemplated by the title of the act, and the section designed to accomplish such reorganization was therefore void. It is to be regretted that the result from this conclusion may lead to inconveniences and to the discharge of some who are undergoing the punishment due to their crimes, but it is the right of all to have the law declared as it is whatever may be the consequences, and greater evils would follow a practical abrogation of a plain constitutional requirement

by yielding to a supposed necessity.  The tendency, and the natural tendency, of legislation is to make certain acts receptacles for enactments of all kinds, and especially for such as might not meet with favor, standing by themselves.  The object of the Constitution was to prevent this, and full effect should be given to its benign and salutary intent.

The judgment of the Supreme Court and of the Special Sessions must be reversed.

All concur.

Judgment reversed.