NEW YORK PRACTICE REPORTS.    **491**

Sullivan agt. Mayor, &c., of New York City.

# COURT OF APPEALS.

MICHAEL SULLIVAN, respondent, agt. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, appellant.

*Constitutional law — place of janitor not an office — janitor is a mere employe, not an officer.*

The tax levy act of 1869, in reference to the city of New York, is not unconstitutional and void. The decision of the general term below deciding the contrary, *overruled.*

The place of janitor is not an office. He is an employe — an attendant; not an officer in any just sense of the word.

Where courts have always required and have had some one or more about them to do just what the plaintiff was appointed to do, his appointment to that labor by a new name is not to make a *new office* for him, even if the place could be called an office, and he an officer.

*October* 10, 1873.

APPEAL from the general term of the court of common pleas. Reported below, 45 *Howard*, page 152.

*D. J. Dean* (for corp. coun.), for appellant.

*Abraham R. Lawrence*, for respondent.

FOLGER, *J.*—We do not agree with the general term, that the clause in section 11 of the tax levy act of 1869 is unconstitutional and void. That act is a local act. It must be confined to one subject, which must be expressed in its title. If it relates to more than one subject, or if it fails in its title

to express that, it is void.   The distinction between the provisions in that kind of act which fall within and without
invalidity is well shown by the two cases of *Huber* agt. *The
People* (49 *N. Y.*, 132) and *Astor in re* (50 *N. Y.*, p.
363).

The tax levy acts are for the purpose of providing the
moneys needful to carry on the municipal government.   The
purpose is to raise enough for legitimate objects and no more
than enough; so that it is within the subject to limit expenditure, that it may not exceed the levy, as much as it is to
levy enough that it may come up to a legitimate expenditure.
In *Astor in re*, it was held valid to provide a limit to the
employment of newspapers, so that expenditure might be
kept down.   And so in the act under consideration it is
proper to restrict expenditure by prohibiting the common
council from creating new offices.

It is not within the purpose of such an act to change the
organization of the municipal government, nor to organize
new courts, nor to change the organization of existing ones.
The *Huber* case fell within that category.

But the judgment of the general term is not erroneous in
its result.   If it be granted that the place of janitor is an
office, and he an officer, it does not follow that the office
is new.   We have lately held in *The People* agt. *Crooks* that
the legislature did not create a new office when by statute
it in terms abolished the office of collector of taxes of a
certain town, and put in its place the office of receiver of
taxes of that town with substantially the same duties, powers
and jurisdiction, though with a new name and for a term of
three years instead of one year for which the collector held
The office remained the same.   So here it is apparent from
the necessities of the case, from the act of 1857 cited, and
from the testimony in the case that these courts have required
and have had some one or more about them to do just what
the plaintiff was appointed to do.   To appoint him to that
labor by a new name is not to make a new office for him.

Sullivan agt. Mayor, &c., of New York City.

But the place of janitor is not an office; he is an employe, an attendant, not an officer in any just sense of the word.

He lacks the essential incidents of an officer. He takes no official oath; he has no stated duration of term; he is not liable to indictment for official misconduct as such, and in other respects he comes short of being an officer.

The judgment appealed from must be affirmed with costs.

FOLGER, J., reads for affirmance. All agree.