## LEVERICH *vs.* THE MAYOR &c. OF THE CITY OF NEW YORK.

By a statue (*Laws of* 1868, *ch.* 853,) the mayor, comptroller and street commissioner of the city of New York were authorized and directed to employ suitable persons, by contract or otherwise, to remove snow and ice from Broadway, and to perform such *additional work as they should consider necessary*, beyond that required by existing contracts, to keep the streets, &c. of said city constantly swept; *Held* that this gave to the persons named an almost unlimited discretion as to what work was necessary to be done by the employees, so as to keep the streets and avenues constantly swept. And that if, in order to do so it was necessary to clean the streets, or remove anything therefrom, it was within the authority conferred so to do.

*Held, also,* that although the title of the act was "An act to make provision for the government of the city of New York," and its purpose was, mainly, to

Leverich v. Mayor &c. of New York.

provide means to carry on the government, yet it was not foreign to that purpose to provide for the expenditure of a part of the money so to be raised, in cleaning the streets and making them in a condition fit for public use.

And, a contract in writing, afterwards continued by a verbal agreement, having been made, by the officers named, with the plaintiff, whereby he agreed to remove snow and ice from Broadway, and to perform such additional work as said officers should require to be done, to keep the streets, &c., cleanly swept, during certain specified months, at a compensation to be fixed by said officers, or any two of them; *Held* that there was no valid objection to the mode in which the work was contracted for, or ordered to be done. And that a certificate, signed by a majority of such officers, approving the plaintiff's account, was a ratification and acceptance of the work done under the contract.

APPEAL, by the defendants, from a judgment entered on the verdict of a jury.

By chapter 853 of the Laws of 1868, entitled "An act to make provision for the government of the city of New York," passed June 3, 1868, the mayor, comptroller and street commissioner, or a majority of them, are authorized and directed to employ suitable persons, by contract or otherwise, to remove snow and ice from Broadway, and to authorize and require such snow and ice to be deposited in the adjacent rivers, and to perform such additional work as they shall consider necessary beyond that required by the said existing contract, to keep the streets and avenues and public places of said city constantly swept.

The act further limited the expense to be incurred for such work to a sum not exceeding one hundred thousand dollars in any one year.

Pusuant to said statute, on the 28th day of November, 1868, a contract was made by the officers named, with the plaintiff, whereby the latter agreed to remove snow and ice from Broadway and perform such additional work as said officers should require to be done to keep the streets, &c., cleanly swept during the months of December, 1868, January, February, March and April, 1869,

and to receive therefor such compensation as should be fixed by said officers, or any two of them.

About December, 1870, by verbal agreement between the mayor and comptroller and the plaintiff, it was agreed that the plaintiff should perform similar work for 1870 and 1871 upon the same terms and conditions which were expressed in the contract of 1868. Afterward, by direction of the mayor, between the 1st and 10th of February, 1871, the snow and ice was removed from Broadway, Fifth avenue, Cortlandt street, Wall street, Fulton street, Chambers street, Park place, Murray, Walker and White streets, Front street, Broad street and Water street. For this work a bill was rendered to the commissioners and was certified to be correct at $31,800, by the mayor and commissioner of public works. Said bill has never been paid, and is the claim sued upon in this action.

At the close of the testimony on the part of the plaintiff a motion was made to dismiss the complaint, which was denied and exception taken. The court directed a verdict for the full amount claimed, with interest; to which direction an exception was taken.

No testimony was introduced by the defendants.

*E. Delafield Smith*, for the appellants.

*John H. Strahan*, for the respondent.

*By the Court*, INGRAHAM, P. J. The statute under which this work was done, (*Chap.* 853 *of Laws of* 1868,) authorized the mayor, comptroller and street commissioner to employ suitable persons not only to remove snow and ice from Broadway, but also to perform such *additional work as they should consider necessary*, beyond that required by existing contracts, &c. This gave an almost unlimited discretion as to what work was necessary to be done by the persons so to be employed, so

as to keep the streets and avenues constantly swept. If, in order to do so, it was necessary to clean the streets or remove anything therefrom, it was within the authority conferred upon them so to do.

It is urged that this act, being an act to make provision for the government of the city of New York, could not contain the section above referred to. While the purpose of the act was mainly to provide means to carry on the government, it was not foreign to that purpose to provide for the expenditure of part of that money, so to be raised, in cleaning the streets and making them in a condition fit for public use.

I know no purpose more properly connected with the good government of a city than what is necessary to be done in cleaning and keeping in order the streets of a city. The case of *Huber* v. *The People*, (44 *How. Pr.* 375,) in nowise interferes with these views.

Nor is there any difficulty as to the mode in which the work was contracted for and ordered to be done. The contract was signed by all the officers authorized to make it, and was afterwards continued by the same officers. The subsequent certificate, signed by a majority of them, approving the account, was a ratification and acceptance of the work done under the contract.

The value of the work done was, by the contract, a just and fair compensation, to be fixed by the parties of the first part, or any two of them. This was done in the certificate to the account, and entitled the plaintiff to payment therefor.

We have looked into the other objections, and think there is nothing to warrant a reversal of the judgment.

                                   Judgment affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 3, 1873. *Ingraham* and *Brady*, Justices.]