MATTER OF KIERNAN.

MATTER OF KALBFLEISCH.

*Constitutional law — local act with title not embracing provisions of act. Laws 1874, chap. 589, title 18, § 36, unconstitutional.*

Chapter 589 of the Laws of 1874, which is entitled " An act to amend an act to amend the charter of the city of Brooklyn, and the various amendments thereof, passed June 28th, 1873, and to further amend the charter of the city of Brooklyn," contains this (Title 18, § 36), "All assessments heretofore laid in said city for any local improvement are hereby confirmed, and the amount of the same is hereby levied as a tax on the several pieces or parcels of land on which the same has been heretofore assessed and apportioned." *Held*, that the act being local, and the subject of confirming assessments not being included in the title, the provision mentioned was unconstitutional.

APPEAL by petitioners from an order at special term denying a motion to vacate an assessment.

There were several petitions, three by Charles H. Kalbfleisch and others, executors under the will of Martin Kalbfleisch, and one by James W. Kiernan to vacate an assessment for grading and paving Grand street in the city of Brooklyn. Sufficient facts appear in the opinion.

*F. P. Bellamy*, for petitioners.

*Wm. C. DeWitt*, for the city of Brooklyn.

Present — BARNARD, P. J., and DONOHUE, J.

BARNARD, P. J. The legislature, by chapter 358 of the Laws of 1858, authorized this court to vacate any assessment for local improvements when there shall be fraud or legal irregularity alleged and proven to have been committed. This act has been extended to the city of Brooklyn. Chap. 63, Laws of 1862, § 43.

By chapter 169 of the Laws of 1861, the legislature enacted that the common council of the city of Brooklyn shall have power to grade and pave the streets of the city, "but no proceedings shall be had unless upon a petition signed by a majority of the persons owning land situate on the line of the said improvement."

Matter of Kiernan.

In November, 1871, the common council ordered Grand street, between Bushwick and Metropolitan avenues, to be graded and paved with Belgian pavement. This was done upon a petition of less than half of the owners of property along the line of the improvement. Upon the order of the common council the assessors levied upon the petitioners' lands the several assessments for this local improvement. The common council had no power to order the improvement at the expense of the property-owners.

The assessment was irregular and should be set aside, unless the legislature have remedied the defect by chap. 589, Laws of 1874. The title to this act was "An act to amend 'an act to amend the charter of the city of Brooklyn and the various amendments thereof,' passed June 28, 1873, and to further amend the charter of the city of Brooklyn." At the end of title 18 was added section 36, and at the close of section 36 was inserted this provision: "All assessments heretofore laid in said city for any local improvement are hereby confirmed, and the amount of the same is hereby levied as a tax on the several pieces or parcels of land on which the same has been heretofore assessed and apportioned."

The assessment in question was not confirmed by the common council until after the passage of this law. It cannot, therefore, be held to be affected by it.

There is a still more fatal objection to the law of 1874 in reference to those assessments. It is a local law. This subject of confirming assessments theretofore laid is not included in its title. A more flagrant case of the abuse sought to be prevented by the constitution cannot well be imagined.

The legislature have repeatedly authorized the court to set aside illegal assessments. This power was again given in 1873, and in 1874. Under the above general title to amend a charter containing hundreds of sections, a clause is inserted that "all assessments heretofore laid" for local improvements are confirmed. We think the act void as to these assessments. *Huber* v. *People*, 49 N. Y. 132, and cases there cited.

The order should be reversed and an order made that the report of the referee be confirmed and the assessments vacated.

*Ordered accordingly.*