THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN SHEA v. THE BOARD OF POLICE OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, Respondent.

*Court of Special Sessions of New York — record of conviction by, under chap. 383 of 1870 — unconstitutionality of.*

The relator was tried before the board of the police department of the city of New York, upon the charge of having committed an assault and battery upon one Quinlan.   Upon the trial the only evidence introduced was a certificate of conviction of said offense before a Court of Special Sessions held March 30, 1871, before two justices, in pursuance of section 49 of chapter 383 of 1870.  *Held,* that as this section was unconstitutional (*People* v. *Huber*, 49 N. Y., 132), and as no other statute authorizes the holding of the court by two justices, the conviction was void and the certificate thereof furnished no legal evidence of the guilt of the relator.

Certiorari to the board of police of the police department of the city of New York, to review the proceedings had before said board, by which the relator was adjudged disqualified by law to hold membership in the police force and guilty of conduct injurious to

the public welfare, and therefore ordered to be removed from the said force.

*C. W. Brooke*, for the relator.

*C. F. McLean*, for the respondent.

Davis, P. J.:

The relator was charged with being disqualified by law to continue to hold membership in the police force, and with conduct injurious to the public welfare. The specifications under this charge were:

First. That on the 30th of March, 1871, the relator had been tried and convicted before the Court of Special Sessions of the Peace, holden in the city and county of New York, for an assault and battery upon one William Quinlan, and upon such conviction sentenced to imprisonment in the city prison for ten days.

Second. That he committed the crime of assault and battery upon the person of a man of the name of Quinlan, and was afterwards arrested and taken to court and charged with the said misdemeanor, and held to bail therefor in the sum of $500.

The only evidence produced on the part of the complainant to support these charges was a certificate of conviction, from which it appeared that at a Court of Special Sessions, held at the halls of justice on the 30th day of March, 1871, the relator was tried and convicted of assault and battery, and adjudged to be imprisoned in the city prison for the term of ten days. It appears by the record that the court was held by Joseph Dowling and Edward J. Shandley, police justices, " elected in the second and fifth police judicial districts of the city of New York, and duly designated to hold the Court of Special Sessions of the Peace in and for the city and county of New York, under and by virtue of section 49, chapter 383 of the Laws of 1870."

The question presented on this certiorari is whether such conviction was lawful. In *Huber* v. *People* (49 N. Y., 132) it was held that the provision for the reorganization of the Court of Special Sessions of the city of New York, contained in chapter 383 of the Laws of 1870, above referred to, is unconstitutional and void, and

224    PEOPLE ex rel. SHEA v. BOARD OF POLICE.

First Department, December Term, 1876.

a conviction of petit larceny had under that provision was reversed. It is clear, therefore, that the court by which the relator was convicted had no jurisdiction to try him for the alleged offense by virtue of section 49 of chapter 383 of the Laws of 1870.

To uphold the conviction it is necessary to find some other statute which authorized the court to be held by the two justices mentioned. The recital that the court was held by virtue of that act, would not of itself defeat the jurisdiction if there were another statute under which the court might be held.

Prior to 1865 the Court of Special Sessions in New York was held by any three police justices of that city, and could not be held by any less number. (Laws of 1858, chap. 282, § 8; *In re Divine*, 21 How., 80.) In 1865 the court was authorized to be held by two police justices elected in the second and sixth judicial districts of the city, with power in the governor in case of the death, removal from office or resignation of either of said justices, to designate one of the other police justices of the city to hold said court. (Laws of 1865, chap. 563; *Huber* v. *People, ubi supra.*)

The act of 1865 was repealed by chapter 30 of the Laws of 1870, and the former act was thereby specifically revived and re-enacted, and declared to be in full force and effect. It follows that the only law under which the Court of Special Sessions could be held at the time the relator was convicted was that of 1858, as found in chapter 282, section 8 of the Laws of 1858; because the forty-ninth section of chapter 383 of Laws of 1870 was unconstitutional and void; and because the act of 1870 had repealed that of 1865, and specifically restored the act of 1858. It required, therefore, three police justices to hold the court. There were but two who held the court at which the relator was convicted. The conviction was therefore without jurisdiction on the part of the court, and for that reason was void. A certificate of such conviction would not be legal evidence of the guilt of the party. It was the only evidence produced to sustain the charges, and it necessarily follows that the charge must be regarded as wholly unsustained by legal proof.

The relator presented a petition to the board, for reinstatement, which contains statements relative to the charge of assault and battery and the proceedings upon the trial. These statements, how-

ever, do not contain proof of his offense, because if taken to be true they show that he was guilty of no offense whatever in the transaction out of which the prosecution for assault and battery arose. There is nothing whatever in the petition to justify his conviction of the charges; and it is obvious that the respondents did not rely upon the petition as evidence against him that he had committed the offense of assault and battery.

If the certificate which was put in evidence had shown a valid conviction it would of course have sustained the charge; but showing a conviction wholly void for want of jurisdiction, it cannot be said to be legal evidence either of the charge or any of the specifications.

We think the conviction should be reversed and the proceedings remanded.

BRADY and DANIELS, JJ., concurred.

Conviction and removal reversed and proceedings remanded.