By the Court.—Sanford, J.
—If the plaintiff was not duly and lawfully removed from employment as an attendant upon the supreme court by virtue of section 9, of chapter 382 of the laws of 1870, which provides that “ attendants on the several courts in the city and county of New York, except police and district courts, shall be appointed and removed, and their compensation fixed, by the comptroller,” it was error to dismiss his complaint.
It is contended on his behalf, that the written notice given him by Andrew H. Green, deputy comptroller, whereby, under date of November 14, 1871, his removal purports to have been effected, was ineffectual for that purpose, and was wholly nugatory and inoperative, (1) because section 9, of chapter 382, of the laws of 1870, is in conflict with the constitutional prohibition upon the legislature, in respect to the enactment of private or local bills, embracing more than one subject (Const., art. 3, § 16), and, (2) because it does not appear that the deputy comptroller had authority to exercise the power of removal, conferred by section 9 upon the comptroller, even if such power could lawfully have been exercised by the comptroller himself. Section 16, of article 3, of the Constitution, declares that ‘ ‘ no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title.” The act in which the power of appointing and removing attendants upon the courts in the city of New York is conferred upon the comptroller is a local, although a public act (Huber v. People, 49 N. Y. 132). None of its provisions relate to matters or persons outside the territorial limits of the county of New York. It is entitled, “An Act to make further provision for the government of the county of New York;” and its object and purpose, as expressed in its title, are to provide the revenues and regulate the expenditure *167 necessary for and incident to the carrying on of the county government.
The title of the act, therefore, is in strict conformity with the constitutional requirement. It clearly expresses one subject, and only one, viz., the procurement and appropriation of the necessary “ways and means,” for the conduct and support of the government of the county.
If the body of the act embraces other subjects, neither necessarily nor incidentally connected with that thus expressed, the act is nugatory and void, in so far as such other subjects are concerned; unless, indeed, its provisions in regard to them are general and not local, in which case they are valid, notwithstanding their insertion in an act whose other provisions are merely local, and although the title of the act only relates to such other provisions (People v. McCann, 16 N. Y. 58; Williams v. The People, 24 Id. 405). If, however, any of its provisions are foreign or irrelevant to the support and administration of the county government, and are local in their application, it may with propriety be said to be a local act, and to embrace more than one subject; and, if such be the case, it violates the consititutional inhibition, and is inoperative and void. The power of appointing and removing the attendants upon the the several courts in the city of Hew York is in no wise incident to or connected with the support of the government of the county.
Inasmuch as the compensation of such attendants is payable out of the county treasury, an appropriation of the county revenues, pro tanto, in payment of such compensation, might properly be directed, in the body of the act, as clearly relevant to the subject expressed in its title. But no intent to effect a change in the organization of the several courts held in the city of Hew York, or in the law which prescribes the manner in which their respective officers and attendants shall be *168 appointed or removed, can be justly inferred from the language of a title which merely purports to make provision for the government of the county. Such a change would constitute an appropriate subject for separate and distinct legislation, and would be susceptible of enactment by local bill, only when expressed in its title, and detached from all other subjects of legislation in its body.
The change attempted to be wrought by the ninth section of the act now under consideration is no less foreign to the subject of the act, as expressed in its title, than was the provision in chapter 383, of the Laws of 1870, reorganizing the court of special sessions, to the subject of that act. That provision was held by the court of appeals to be void, as in conflict with the requirement of section 16, of article 3 of the constitution (Huber v. The People, ut supra). The title of that act was precisely the same as the title of chapter 382, except that it related to the government of the city instead of the government of the county. The case of the People n. Stevens (51 How. Pr. 103), is also analogous. In that case the court of appeals held that a section of the tax levy act of 1866,—which provided for the continuance in office, for the term of three years from and after the passage of the act, of the engineer and assistant commissioner of the croton aqueduct department,—was void, as in conflict with the constitutional inhibition with respect to local and private acts, contained in section 16, of article 3.
It is understood that the supreme court, in the first department, has twice reached a conclusion adverse to the constitutionality of the provision now under consideration (Brennan v. The Mayor, &c., 47 How. Pr 178), and that the common pleas, in May, 1875, in the case of Berrigan v. The Mayor, and again in 1876, in the case of Blunt v. The Mayor, adopted similar views. Although not authoritatively binding upon us, the de *169 cisions of these tribunals are entitled to great weight, and should be followed, unless the court is satisfied that their conclusions are erroneous.
In regard to the authority of the deputy comptroller, to exercise the powers conferred by section 9, of chapter 382, of the Laws of 1870, it need only be remarked that the office of deputy comptroller was created by chapter 574, of the Laws of 1871; and his power to perform the duties belonging to the office of comptroller, among which, if section 9 of chapter 382, of the Laws of 1870 is valid, the appointment and removal of court attendants were included, is, by the express terms of that act, made to depend upon a written delegation of authority, from the comptroller, duly filed in the finance department. The case before us contains no evidence of such delegation, and there is no legal presumption in favor of its existence. This point, though pressed upon us at the argument, does not appear to have been suggested at the trial. It was there assumed, for the purposes of the case, that the plaintiff was, in fact, discharged by the comptroller, and there was no intimation on the part of the plaintiff, that such discharge was inoperative, for any other reason than that the authority of that officer to remove him was, in law, inadequate. The court merely held that the power to remove him was lawfully conferred upon the comptroller. If attention had been directed to the fact that the notice was not signed by the comptroller in person, but by his deputy, the missing link in the chain of evidence might have been promptly supplied, and the authority of the deputy to represent his principal been readily established. Exceptions should be so specific as to present plainly the precise question of law intended to be raised. Where errors arise from inadvertence or misapprehension, susceptible of immediate correction, if attention be directed to the oversight, they are rarely regarded as affording suffi *170 cient ground for reversal. We therefore prefer to rest our decision solely upon the constitutional question, presented on the argument. For the reasons suggested in the discussion of that question, the plaintiff’s exceptions should be sustained, and a new trial ordered, with costs to abide the event.
Curtis, Ch. J., concurred.