THE PEOPLE OF THE STATE OF NEW YORK ex rel., JOHN GASS, Respondent, v. WILLIAM MORGAN LEE, Appellant.

*Constitutional law* — " *Local act,*" " *Public officer* " — *what are* — *Const., art. 3, sec. 18* — *does not prevent the legislature from relieving a taxpayer from the payment of fees payable by him to an attorney conducting a tax sale.*

Section 8 of title 5 of chapter 497 of 1874, as amended by section 15 of chapter 77 of 1880, directed the attorney of the city of Poughkeepsie to advertise and sell real estate for the non-payment of taxes as therein prescribed, and provided that "the attorney conducting such sales, for the full performance of his duty therein, shall be entitled to demand and have a fee of five dollars for each parcel of land so ordered to be sold, in case the proceedings shall be stopped before sale, and a fee of ten dollars for each parcel that shall be actually sold." Section 7 of chapter 344 of 1882 amended the said section so as to read as

follows, viz.: " The attorney conducting such sales shall not be entitled to have or demand any fee or fees for the performance thereof."

*Held,* that although the act of 1882 was a " local " act, and the city attorney a "public officer" within the meaning of section 18 of article 3 of the Constitution, prohibiting the passage of a local bill creating, increasing or decreasing fees, per centages or allowances of public officers, during the term for which they are elected or appointed, yet, as the fees were in this case payable in the first instance, at least, by the taxpayer, and as this section of the Constitution was not intended to take away the power of the legislature to exempt taxpayers from the payment of such fees, the act was constitutional and valid.

APPEAL from an order granting a peremptory writ of *mandamus.*

The relator was the owner of certain real estate in the city of Poughkeepsie, upon which taxes for the year 1882 were duly assessed. The defendant was duly elected city attorney for the city, his term of office beginning January 1, 1882, and ending December 31, 1883. On the 7th of August, 1882, the common council of 'Poughkeepsie duly passed an order by which they directed the defendant, as city attorney, to advertise and sell relator's real property for the taxes assessed thereon which were then unpaid, and the order was duly delivered to the defendant. On the 10th of August, 1882, the relator tendered to the defendant, as city attorney, the full amount of the tax assessed against his property, with penalty and interest. The defendant refused to receive the tax unless the relator would pay him in addition the sum of five dollars, as his fees, claiming that he was entitled thereto by virtue of the city charter.

The court below made the order appealed from, granting to the relator a peremptory writ of *mandamus,* requiring the defendant to receive the tax without the fee.

The sole question presented by this appeal was whether the defendant was entitled to the fee at the time of relator's tender. It was conceded that defendant would be entitled to the fee claimed, under section 8 of title 5 of the city charter, as amended by chapter 77 of Laws of 1880, were it not for the act of June 10, 1882 (Laws of 1882, chap. 344), which entirely abolished the city attorney's fee on tax sales.

On the part of the defendant it is claimed that chapter 344 of the Laws of 1882, so far as it abolishes the fee upon tax sales to which the city attorney was entitled at the commencement of his

term of office, is repugnant to the provisions of section 18 of article 3 of the State Constitution, and is therefore unconstitutional and void.

*Guy C. H. Corliss*, for the appellant.

*Abram J. Rose*, for the respondent.

GILBERT, J.:

That the statutes on which this case depends, viz.: Laws 1874, chapter 497; Laws 1880, chapter 77; Laws 1882, chapter 344; are "local," in the sense in which that word is used in article 3 of the Constitution, has, we think, been settled by the Court of Appeals. (*Huber* v. *The People*, 49 N. Y., 132; *Kerrigan* v. *Force*, 68 id., 381, and cases cited.) The appellant must also be held to be a "public officer" within the meaning of section 18 of that article. (*Rowland* v. *The Mayor*, 83 N. Y., 372, and cases cited.)

Nevertheless, we are of opinion, that the *mandamus* was properly awarded. The intent of the legislature, in entitling the city attorney to "demand and have a fee" for his services in respect to sales of lands for unpaid taxes, obviously was that such fee should be exacted primarily from the taxpayer. Whether under any circumstances a liability to pay such fee might devolve upon the city of Poughkeepsie, is a question which is not now presented. It is enough to hold that it was payable in the first instance, at least, by the taxpayer. The inhibition contained in section 18 of article 3 of the Constitution, does not take away the power of the legislature to exempt taxpayers from the payment of such fees. Such an exemption is certainly one of the effects of the act of 1882. (Chap. 344.) To that extent that act is valid (*Kerrigan* v. *Force, supra*), whatever may be its effect upon the right of the appellant to "demand and have" his fee from the city.

The order appealed from must therefore be affirmed, with ten dollars costs and disbursements.

DYKMAN, J., concurred in the result; BARNARD, P. J., not acting.

Order affirmed, with costs and disbursements.