MARTIN ET AL. v. THE ADAMS BRICK COMPANY.

[No. 21,801. Filed October 8, 1913.]

1. RECEIVERS.—*Sale of Property.—Effect as to Persons Not Parties to Proceeding.*—An order obtained by a receiver for the sale of property which was subject to a mortgage is a nullity as to the mortgagees, where they were not parties to the proceedings. p. 184.

2. RECEIVERS.—*Sale of Property.—Effect as to Persons Not Parties to Proceeding.—Acceptance of Dividend from Proceeds of Sale.—Estoppel.*—Where an order for the sale of property which was subject to a mortgage was obtained by a receiver in a proceeding in which the mortgagees were not parties, the latter were estopped from questioning the order of sale, and were bound thereby, by reason of their acceptance of a dividend paid by the receiver from the proceeds of such sale. p. 184.

3. MORTGAGES.—*Foreclosure of Prior Mortgage.—Rights of Junior Mortgagees.*—Where the holder of a first mortgage forecloses his mortgage without making junior mortgagees a party, the rights of the latter are unaffected; the purchaser acquiring merely the interests of the mortgagor and senior mortgagee. p. 185.

4. MORTGAGES.—*Foreclosure.—Rights of Junior Mortgagees.—Purchaser at Receiver's Sale.*—Where a receiver sold property which was subject to two mortgages, pursuant to an order in a proceeding in which neither mortgagee was a party, and the first mortgagee accepted a dividend paid by the receiver from the proceeds of such sale, such first mortgagee was bound by such sale and the purchaser took its rights, as well as those of the mortgagor, and notwithstanding the purchase was for less than the amount of such first mortgage, the purchaser had a lien for the

full amount of such first mortgage as against a junior mortgagee in foreclosure proceedings brought by it, since the latter, while treating the decree of sale obtained by the receiver as a nullity, is not in a position to obtain any advantage from the mistakes of those who are bound thereby. p. 186.

5. MORTGAGES.—*Foreclosure.*—*Effect.*—Where a first mortgage is foreclosed and the property sold without making a junior mortgagee a party, in a subsequent proceeding by the latter, the purchaser will be treated as the holder of the first mortgage by equitable assignment. p. 186.

6. MORTGAGES.—*Foreclosure.*—*Rights of Junior Mortgagee.*—A junior mortgagee is not injuriously affected by the erroneous application of funds derived from a reciever's sale in a proceeding in which neither the senior nor junior mortgagees were parties, but which became binding on the first mortgagee by its acceptance of a dividend from the proceeds of such sale, where, if such funds had been properly applied, they would not have been sufficient to discharge the lien of the first mortgage. p. 187.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by John W. Martin and others against The Adams Brick Company. From a judgment denying part of the relief sought, the plaintiffs appeal. *Affirmed.*

*Lucas Nebeker,* for appellants.

*Benjamin Crane, Charles M. McCabe, Charles W. Smith, John S. Duncan, Henry H. Hornbrook* and *Albert P. Smith,* for appellee.

MORRIS, J.—In November, 1902, the Veedersburg Clay Company, a corporation, owned certain real estate in Fountain County, on which was situated its manufacturing plant. It borrowed $30,000, and executed bonds therefor, secured by a mortgage on all its property. In May, 1905, it executed to appellants a second mortgage on the same property to secure notes given for valid indebtedness, in the aggregate amount of $38,000. In December, 1906, Clinton B. Marshall brought suit in the Marion Superior Court, against the company, on an unsecured claim for $500, and, on his petition, after appearance and consent of defendant, a receiver was appointed. Subsequently the receiver filed a petition, reciting the existence of the two mortgages, and

praying for an order to sell the mortgaged property freed of the liens of the two mortgages, and decreeing the transfer of said liens from the property to the proceeds of the proposed sale. The mortgagees were not made parties to the proceeding. The petition was granted, and an order entered, as prayed. In January, 1907, pursuant to the order of the Marion Superior Court, the property was sold to one Pritchard for $18,500. It was recited in the receiver's deed to Pritchard that the property was conveyed free of the mortgage liens. The court ordered $6,500 of the proceeds of the sale applied to the payment of liens adjudged by it to be superior to that of the mortgages, and the remainder —$12,000—was ordered paid to the holders of the first mortgage bonds and, notwithstanding they were never parties to the proceeding, the $12,000 was accepted by them, and the receivership proceedings were terminated. In May, 1907, Pritchard conveyed the property to appellee by warranty deed, in consideration of the transfer of capital stock of appellee of the par value of $69,150. In purchasing the property, both Pritchard and appellee, in good faith believed that it was freed of the liens of the two mortgages. At the time of the receiver's sale the property was worth less than $30,000. The Veedersburg Clay Company is wholly insolvent, and, at the time the receiver was appointed, owned no property except that covered by the two mortgages. In 1909, this suit was instituted by appellants, who were holders of the notes secured by the second mortgage, against appellee and the mortgagor, to foreclose the second mortgage. The cause was venued to the Montgomery Circuit Court.

The errors assigned here arise on demurrers to pleadings, and on appellant's motion to modify the judgment. The circuit court rendered judgment for appellee, The Adams Brick Co., as the equitable assignee of the first mortgage bondholders, in the sum of $38,584, the same being the amount, principal and interest, of the first mortgage debt,

and also rendered judgment in favor of the noteholders secured by the second mortgage in the sum of $52,141, the same being the aggregate second mortgage indebtedness. A sale of the mortgaged property was ordered, providing that appellee's judgment should be first paid from the proceeds of the sale.

In appellants pleadings it is denied that any liens existed on the property, when ordered sold at receiver's sale, which were superior to the liens of either mortgage. Appellants contend that inasmuch as they were not parties to the receivership proceedings, the latter, as to them, can in no way affect them, and that they are entitled to a decree awarding them priority of payment out of the proceeds of the proposed foreclosure sale, excepting $12,000 thereof, and interest thereon, which, it is conceded rightfully belongs to appellee, by virtue of the doctrine of subrogation. Appellee maintains that the first mortgage bondholders, by accepting the dividend ordered paid by the receiver, became bound by that decree as much as if originally made parties to the petition to sell; that appellee occupies the position of equitable assignee of the first mortgage, and consequently entitled to priority for the entire amount thereof, and that it is immaterial whether the Marion Superior Court erroneously ordered the payment of inferior liens to the extent of $6,500, as that is a matter of no concern except to the first mortgage bondholders. The trial court adopted appellee's theory of the law. As to appellants, the order of

1.    sale by the receiver, entered by the Marion Superior Court, was a nullity, for lack of jurisdiction over their persons. *Hosford* v. *Johnson* (1881), 74 Ind. 479. The first mortgage bondholders, by accepting the

2.    $12,000 dividend, estopped themselves from questioning the order, by virtue of which the receiver made the sale, and became bound by it as fully as if made parties to the petition; and, as to them, and the mortgagor, the receivership sale was valid.

3. The parties here occupy a position closely analogous to that where a first mortgagee forecloses his mortgage without making the holder of a junior lien a party to the proceeding. In such case, the rights of the junior mortgagee are unaffected. The purchaser at such sale acquires and combines the rights and interests of the mortgagor and senior mortgagee. By the deed he acquires the legal title and right of redemption of the mortgagor, and, in addition thereto equity may maintain the life of the senior mortgage for his benefit. *Catterlin* v. *Armstrong* (1885), 101 Ind. 258. The rights of the junior incumbrancer are neither diminished nor increased by such proceeding. *Deming-Colburn Lumber Co.* v. *Union, etc., Loan Assn.* (1898), 151 Ind. 463, 467, 51 N. E. 936.

In *Hosford* v. *Johnson, supra,* the Atlas Insurance Company held a first mortgage on a parcel of real estate, which became encumbered with a second mortgage. The company foreclosed its mortgage without making the junior mortgagee a party. At the sale, one Hosford became the purchaser, the junior mortgagee instituted a suit to redeem. It was contended by Hosford among other things that the junior mortgagee, in order to redeem, must pay the amount of the foreclosure judgment, and costs. In determining the matter, this court said: ''The doctrine may be regarded as settled in this State, that the rights of a junior incumbrancer are in nowise affected by the foreclosure of a senior mortgage, unless he is made a party to the foreclosure proceeding. * * * This being the case, the amount of redemption money to which Hosford was entitled depended on the terms of the mortgage, and not on the foreclosure judgment, nor on the amount he paid at the sheriff's sale. Had he purchased the property for less than the amount due upon the mortgage, the junior incumbrancers could not redeem by paying the sum of his purchase money, with interest, but they would be required to pay the whole mortgage debt.'' In *McKernan* v. *Neff* (1873), 43 Ind. 503, ap-

pellees were holders of a second mortgage, and had not been made parties to a foreclosure suit by the holder of the first mortgage. This court said: ''The decree of foreclosure and sale of the mortgaged premises have not affected the rights of the appellees. * * * As to the appellees, the foreclosure can only have the effect to transfer to the purchaser the interest of the mortgagee in the mortgage foreclosed, who occupies the position of an assignee.'' See, also, *Gaskell* v. *Viquesney* (1890), 122 Ind. 244, 23 N. E. 791, 17 Am. St. 364; *Spurgin* v. *Adamson* (1883), 62 Iowa 661, 18 N. W. 293; 27 Cyc. 1827.

Appellants contend that no principle of equity prevents the advancement of a junior lien, where the senior one is reduced by gift, or otherwise; that under the facts

4.  here disclosed, the purchaser's rights arise from the doctrine of subrogation only, and are not measured by the rule applicable to equitable assignees. There was no intent to reduce the first mortgage indebtedness by gift to the second mortgagee, or other person. The debt was not reduced in any other manner. The first mortgage bondholders accepted the $12,000 dividend, for the presumed reason that they thought they could do no better. Had they legally assigned the first mortgage to the purchaser, the second mortgagees could not have been heard to question the amount of the consideration received therefor. While ignorance of law does not relieve a person from the consequences of its operation, appellants are not in a position, while lawfully treating the receivership sale as a nullity, as to them, to obtain any advantage from the legal mistakes of the first mortgagee or purchaser, growing out of a transaction founded on a decree, binding on them, but not on the second mortgagees.

In a foreclosure sale under a decree to which the

5.  junior mortgagee was not a party, it seems to be the settled rule in this jurisdiction, in a subsequent action by the second mortgagee, to treat the purchaser, as

the holder, by equitable assignment, of the first mortgage. Disregarding form, and considering only the substance of the transaction, the same rule should apply to the facts here. Appellants were not bound by the receivership decree, and lawfully elected to treat it as a nullity, as to them, and while so treating it they are not in a position to obtain any advantage from the mistakes of those bound by the judgment. *Stevens* v. *Mid-Hants R. Co.* (1873), 8 Law Rep. 1064.

Whether the Marion Superior Court erred in decreeing the payment of the $6,500 to the holders of liens, other than the first mortgagee, is immaterial here. It is evident 6. that appellants were not entitled to it, and were not injured by the erroneous application of such funds. The Montgomery Circuit Court did not err in treating the purchaser as an equitable assignee of the first mortgage indebtedness, and decreeing priority to the extent of the entire debt.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 831. See, also, under (1) 34 Cyc. 334; (2) 34 Cyc. 326; (3) 27 Cyc. 1797; (4) 27 Cyc. 1797; 34 Cyc. 326; (5) 27 Cyc. 1720; (6) 27 Cyc. 1761. As to appointment of receiver for mortgaged property, see 72 Am. St. 74. On the question of the remedy of a purchaser at sale under senior mortgage to which a junior mortgagee was not made a party, see 36 L. R. A. (N. S.) 437.