BURY, APPELLANT, v. BURY ET AL., RESPONDENTS.

(No. 5,388.)

(Submitted January 11, 1924. Decided February 15, 1924.)

[223 Pac. 502.]

*Divorce — Judgments — Courts — Jurisdiction—Presumptions*
*—Attorney and Client—Res Adjudicata—Quieting Title—*
*Execution—Acceptance of Proceeds of Sale—Estoppel.*

Courts—Jurisdiction—Presumptions—Burden of Proof.
1.   The presumption obtains that in rendering a judgment the court
was acting in the lawful exercise of jurisdiction, and the burden of
showing the contrary is upon him who makes the assertion of lack
of jurisdiction.

Same.
2.   Where in an action to quiet title to real property sold under
execution in satisfaction of a decree of divorce and to set aside the
decree on the ground that under the pleadings in the divorce suit
the court was without jurisdiction to adjudge payment of alimony or
settlement of the property rights of the parties, the record was
silent as to the nature of the averments of the complaint in the
divorce action, it will be presumed that the decree was warranted by
the pleadings.

Divorce—Failure to Ask   for New Trial or Appeal Bars New Action to
Obtain Relief from Decree.
3.   Failure of the unsuccessful party in an equity suit (divorce ac-
tion) to ask for a new trial or appeal bars him from seeking relief
from the decree by resort to another action in equity (action to quiet
title).

Attorney and Client—Client Bound by Acts of Attorney.
4.   The rules of law applicable to the relation of principal and agent
are in general applicable to that of attorney and client; the latter
is bound by the acts of the former if done within the scope of his
authority, and knowledge of the attorney is imputed to the client.

Same—Acceptance of Residue of Proceeds of Execution Sale—Estoppel.
5.   One who knowingly receives and retains, either in person or
through his attorney, the residue of the proceeds of an execution
sale is estopped from thereafter questioning the validity of the judg-
ment upon which the execution issued.

*Appeal   from   District   Court,   Yellowstone   County;   A.   C.*
*Spencer, Judge.*

---

5.   Acceptance by debtor of surplus arising from sale under a decree
as affecting his right to appeal from the decree, see note in **L. R. A.**
1918E, 106.

ACTION by Alfred Bury against Martha Bury and others. Judgments for defendants and plaintiff appeals. Affirmed.

*Messrs. Nichols & Wilson,* for Appellant, submitted a brief.

In the divorce action the husband was awarded a decree of divorce for the fault of the wife. Therefore the court was without authority to enter any judgment against the husband for alimony to be paid the wife. The court had only such power in this connection as is expressly conferred by statute. The provisions of our Code respecting alimony are found in sections 5769 and 5771, Revised Codes of 1921. These provisions of the statute are exclusive, and constitute the measure of the court's authority to award either temporary or permanent alimony. (*Brice* v. *Brice,* 50 Mont. 388, 147 Pac. 164.)

According to the rule of the common law, where a divorce was granted for the misconduct of the wife, she was not entitled to alimony. (60 Am. Dec. 670 (note); 20 Ann. Cas. 24 (note.) Where the wife seeks a permanent allowance in a suit for divorce, her proof must be such as is requisite to entitle her to the divorce. (1 R. C. L. 935, and cases cited.) Where the divorce is granted for the wife's fault, she is not entitled to alimony, except, by virtue of statute, where there are mitigating circumstances. (1 R. C. L. 923, and cases cited.)

The wording of the California statute covering the subject of alimony is the same as ours. And the case most frequently cited on the question here presented is that of *Everett* v. *Everett,* 52 Cal. 383.

The *Everett Case* is cited and approved in *Ex parte Spencer,* 83 Cal. 465, 17 Am. St. Rep. 266, 23 Pac. 395; also referred to in *Parker* v. *Parker,* 55 Cal. App. 458, 203 Pac. 420, 421, and *Hogarty* v. *Hogarty,* 188 Cal. 625, 206 Pac. 79, 80.

The rule is definitely laid down in *Lampson* v. *Lampson,* 171 Cal. 332, 153 Pac. 238. (See, also, 19 C. J. 243; *Spitler* v. *Spitler,* 108 Ill. 120; *Spaulding* v. *Spaulding,* 133 Ind. 122, 36 Am. St. Rep. 534, 32 N. E. 224; *Gaines* v. *Gaines* (Ky.), 19

S. W. 929; *Mutter* v. *Mutter,* 123 Ky. 754, 124 Am. St. Rep. 381, 97 S. W. 393.)

It was suggested by counsel for defendants in his oral argument and written brief, on the hearing of the demurrer, that the plaintiff in this action is estopped from attacking the judgment in the divorce action for the reason that he consented to the entry of such judgment, and for the further reason that, as counsel testified in his brief, "plaintiff receipted for part of the purchase money of the sheriff's sale." As to Bury giving his consent to the judgment for alimony or receiving a portion of the proceeds of the execution sale, the court was without jurisdiction to enter any judgment for alimony, and such jurisdiction could not be conferred by the consent of the parties to the action. (7 R. C. L. 1039; *Daniels* v. *Andes Ins. Co.,* 2 Mont. 500; *Sanders* v. *Farwell,* 1 Mont. 599; *Rader* v. *Nottingham,* 2 Mont. 157; *State ex rel. O'Grady* v. *District Court,* 61 Mont. 346, 202 Pac. 575.)

*Mr. Thad S. Smith,* for Respondents, submitted a brief and argued the cause orally.

When a party receives part of the purchase money at a judicial sale, he is estopped from attacking the title of the purchaser at said sale and the grantees of said purchaser. In no case can he have any standing in a court of equity unless he first offers to place the parties in a *"statu quo ante"*; that is, he must offer to return the purchase money. No such offer has been pleaded in the case at bar. (21 C. J., sec. 215; *Spragg* v. *Shriver,* 25 Pa. St. 282, 64 Am. Dec. 698, 702; *Murphy* v. *Sisters,* 43 Tex. Civ. 638, 97 S. W. 135; *Todd* v. *Moore,* 205 Ala. 451, 88 South. 447; *Marshall* v. *McDermott,* 79 W. Va. 245, L. R. A. 1917C, 883, 90 S. E. 830.)

Appellant not only attacks the judgment that he himself obtained, which is not permissible as will be hereinafter shown, but he goes a step farther and attempts to set aside as void one clause of the judgment and to maintain as valid the balance thereof. "A decree granting a divorce and settling the

property rights of the parties cannot be set aside in part
only." (19 C. J. p. 173, sec. 432; *McCraney* v. *McCraney,* 5
Iowa, 232, 68 Am. Dec. 702.)

Respondents insist that it is the general rule of law that
appellant in this action comes squarely under the rule
that forbids a successful party in a divorce action, after the
time for appeal has expired, from attacking the decree he
himself obtained in any action either direct or collateral, for
the reason that this would be to permit a party in the situation
of appellant to perpetrate a fraud upon the court—to use the
court to obtain a decree that was in part void and thereafter
attack the decree when he discovered, what he might deem to
be either a jurisdictional error appearing on the face of the
record or any other error. It is in the nature of taking ad-
vantage of his own wrong. (*Ferry* v. *Ferry,* 9 Wash. 239, 37
Pac. 431; *Starbuch* v. *Starbuch,* 173 N. Y. 503, 93 Am. St.
Rep. 631, 66 N. E. 193; *Van Slyke* v. *Van Slyke,* 186 Mich.
324, 152 N. W. 921.)

MR. JUSTICE STARK delivered the opinion of the court.

The plaintiff brought this action to quiet title to lots 10, 11
and 12 in block 115 of the original town site of Billings. The
amended complaint alleges the following facts; Since April 6,
1901, plaintiff has been the owner of the lots in question, and
from July 1, 1884, to May 22, 1920, he and the defendant
Martha Bury were husband and wife. In April, 1920, Martha
Bury commenced an action in the district court of Yellowstone
county against the plaintiff to obtain a decree of divorce from
him upon the ground of extreme cruelty and to award to the
plaintiff an "equitable portion" of the above-described prop-
erty. Subsequently, as defendant in the divorce proceeding,
the plaintiff by his counsel, Robert C. Stong and James L.
Davis, filed an answer and counterclaim therein, in which he
prayed for an absolute divorce from the plaintiff on the
ground of her extreme cruelty. Issues were joined in said
cause by plaintiff's reply to the defendant's answer and coun-

terclaim. On May 22, 1920, the divorce action came on regularly for trial. The plaintiff therein introduced no proof to support the allegations of her complaint, but defendant offered proof in support of the allegations of his answer and counterclaim, and such proceedings were had that a judgment of the court was duly given and made awarding the defendant therein an absolute divorce from the plaintiff, which further provided: "It is further ordered, adjudged, and decreed that the defendant Alfred Bury pay to the plaintiff Martha Bury within five days from the date hereof the sum of $3,000, which payment shall be in full settlement of permanent alimony and of property rights between the parties hereto."

Thereafter, on the twenty-seventh day of August, 1920, a writ of execution was issued in said action, under which the sheriff of said county levied upon the lots above described, and on September 25, 1920, after having given notice, sold the same at public auction to the defendant Peter Yegen, Jr., for the sum of $3,200, and after deducting the sum of $9.20 as the costs and expenses in said sale, the sheriff paid to Thad Smith, attorney for Martha Bury, the sum of $3,082, the amount of her judgment with interest thereon; "the remaining sum of $108.80, representing the residue over and above the amount of said judgment, interest and costs of sale, was paid by said sheriff to Robert C. Stong, as attorney for this plaintiff, Alfred Bury, and the receipt thereof acknowledged upon said return by said Robert C. Stong." A copy of the sheriff's return to the writ of execution is attached to and expressly made a part of the amended complaint, which return amongst other things recites: "And I further certify that I paid the sum of $108.80, representing the amount paid over and above the amount of the judgment to the defendant Alfred Bury," and indorsed thereon is the receipt of Robert C. Stong for said amount as defendant's attorney. The amended complaint further alleges that "the plaintiff had no knowledge or information whatsoever of the payment of said sum of $108.80 to his attorney Robert C. Stong" prior to the commencement

of the suit, and that he has never received the same or any part thereof. The purchaser, Peter Yegen, Jr., conveyed the lots to the defendants Margaret Yegen and Edythe E.. La Vigne, who claim to be the owners thereof; but it is alleged they have no right, title or interest therein save such as was acquired by virtue of the proceedings under the above-mentioned sheriff's sale. It is alleged that the portion of the decree above quoted is void for the reason that the court was without any jurisdiction or authority to include a provision for the payment by the defendant therein to the plaintiff therein of any sum of money for permanent alimony or in settlement of the property rights of the parties, and that by reason thereof all of the proceedings leading up to the execution and delivery of the sheriff's deed were null and void. The prayer is that the portion of the decree above set out be vacated, set aside and declared to be null and void; that all proceedings under the writ of execution also be declared to be void; and that the plaintiff's title to the premises be quieted against all claims and demands of the defendants.

To this amended complaint the defendants filed a general demurrer, which was sustained by the court; whereupon the plaintiff declined to further plead, and judgment was entered against him, from which he has appealed. The only proposition presented for determination is whether the amended complaint states facts sufficient to constitute a cause of action.

1. Appellant's first point is that the decree under which the [1, 2] execution was issued and the lots sold was void so far as it awarded the plaintiff therein a sum of money in settlement of permanent alimony and all of the property rights of the parties thereto.

The amended complaint does not disclose what issues were framed in the divorce case, further than that the action was brought to obtain a decree of divorce "and awarding to the plaintiff in said action an equitable portion of the property" involved in this suit. It is to be observed that no mention is made of alimony, nor are the facts upon which a claim for an

equitable portion of the property claimed set out. For aught that appears, the complaint in that action may have contained sufficient allegations to entitle the plaintiff therein to some adjudication of property rights independent of an action for a divorce, and the defendant may have either joined issue upon such allegations or admitted their truth. The presumption is that a court when acting as such is acting in the lawful exercise of jurisdiction (sec. 10606, Rev. Codes 1921), and the burden is on one who asserts the contrary to show it. This amended complaint does not contain any allegation which tends to overcome this presumption.

If the plaintiff was not satisfied with the result of the divorce [3] case and the adjudication of property rights made therein, his remedy was to have the same reviewed on appeal, since the court had jurisdiction of both the subject matter involved and of the parties to the action. He will not be permitted to allow the time to apply for a new trial and appeal to go by and then obtain relief from the judgment by resorting to another action in equity. (15 R. C. L., pp. 746, 747.)

2. This appeal could properly be disposed of with the foregoing observations, but there is another and potent rea-[4] son why the action of the district court in sustaining the demurrer to the amended complaint was correct.

Plaintiff pleads affirmatively that at the time of the sale under the writ of execution the amount realized therefrom, above what was required to satisfy the judgment in favor of the defendant Martha Bury, was paid by the sheriff to "Robert C. Stong as attorney for this plaintiff Alfred Bury." The sheriff's return to the writ of execution which is expressly made a part of the amended complaint, recites: "I further certify that I have paid the sum of $108.80 representing the amount paid over and above the amount of the judgment to the defendant Alfred Bury."

An attorney is but the agent of his client for the management and conduct of such matters as are entrusted to him,

and if he acts within the scope of his authority the client is bound. The rules of law applicable to principal and agent are in general applicable to the relation of attorney and client. (3 Cal. Jur., pp. 645, 653, secs. 51, 59.)

Plaintiff does not claim that Stong was acting in excess of his authority when he accepted and receipted for the surplus realized from the sheriff's sale under the execution issued in the divorce proceeding; so that whether we accept the statement in the body of the complaint that the money was paid to Stong as attorney for plaintiff or the statement in the sheriff's return that it was paid to this plaintiff, the result is the same. Stong had been attorney for the plaintiff herein in the divorce case, and as such must have been familiar with all the proceedings therein when he accepted the money from the sheriff. He must have known the source from which it came and that plaintiff was entitled to receive it. The receipt and retention of the money by Stong was in law its receipt and retention by the plaintiff. All acts of an agent within the scope of his employment are binding upon the principal. The further allegation that plaintiff had no knowledge of such payment prior to the commencement of the suit can avail him nothing, for when the relation of principal and agent is established, the knowledge of the agent is imputed to the principal. (21 R. C. L. 838.)

This leads to the inquiry whether the plaintiff is now in [5] position to question the validity of the sale under the writ of execution.

The general rule is laid down in 21 C. J., page 1212, section 215, as follows: "Ordinarily those who accept a part or all of the proceeds of the sale of property under a judgment, decree or order of the court are estopped to claim that the sale was invalid." This rule has been applied in a great variety of instances.

In *Kile* v. *Town of Yellowhead*, 80 Ill. 208, *Embury* v. *Conner*, 3 N. Y. 511, 53 Am. Dec. 325, and *Hitchcock* v. *Railroad*

*Co.,* 25 Conn. 516, each of which involved the taking of land for public use under the right of eminent domain, the plaintiffs sought to question the validity of the proceedings after having accepted and retained the compensation that had been awarded, and in each it was held that receipt and retention of the amount of the award estopped them from questioning the validity of the proceedings.

The rule was applied to a sale of lands by a guardian, in *Smith* v. *Warden,* 19 Pa. 424, and *Deford* v. *Mercer,* 24 Iowa, 118, 92 Am. Dec. 460; to a sale of personal property under execution, in *McConnell* v. *People,* 71 Ill. 481; to a sale of real property in probate proceedings, in *Maple* v. *Kussart,* 53 Pa. 348, 91 Am. Dec. 214, where the court said: "It is a maxim of common honesty, as well as of law, that a party cannot have the price of land sold, and the land itself. Accordingly, it has been ruled uniformly, that if one receive the purchase money of land sold he affirms the sale, and he cannot claim against it whether it was void or only voidable" (citing cases); to a sale under a decree of partition, in *Hector* v. *Mann,* 225 Mo. 228, 124 S. W. 1109; to a sale by a receiver, in *Martin* v. *Adams Brick Co.,* 180 Ind. 181, 102 N. E. 831.

In *Hoffmire* v. *Holcomb,* 17 Kan. 378, the holding of the court is stated in the syllabus as follows: "A party holding the fee in mortgaged premises, and against whom a decree of foreclosure is entered, cannot, after voluntarily taking the surplus arising from the sale of said premises upon such decree, maintain a proceeding in this court to set aside the decree of sale. The receipt of such surplus is a waiver of any errors, if errors there be, in the proceedings." (See, also, Freeman on Void Judicial Sales, sec. 50a; 10 R. C. L. 694.)

Applying the rule above set forth to the instant case, we hold that since the amended complaint discloses that plaintiff knowingly accepted and retained a portion of the proceeds of the sale of his property under the execution, he cannot now question the validity of the judgment upon which the execu-

tion issued, and that the demurrer thereto was properly sustained on this point as well as upon the first.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.