Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 • This case was dismissed at a former day of thé present term, because it did not appear that the value of the property in controversy exceeded $2,000. An affidavit., has. now. been filed- on the part of the appellant, stating that the property was worth $2,500 / .and a motion thereupon - made to reinstate thé' casé,' • to which the counsel for the appellees assent.-
 

 are as an or a suit for dower — -in which the value does not according, to the usual form's of proceeding, appear ,in the pleadings or evidence in the record. In such cases,-affidavits. 6f valúa have been received here, in order to show that the valuers large, enough -to give jurisdiction to this court. That was the case in Course
 
 v.
 
 Steadman and others referred to in the 13th rule of thicourt. The case is reported in 4 Dall., 22. It was a proceeding to charge a tract of land with a lien created, by a judgment; and, as the decree was against the respondent, it was necessary for her to show that the land was worth more, than $2,000, in order to support the appeal. The case of Williamson
 
 v.
 
 Kincaid, referred to in the above-mentioned case, (4 Dall., 19,) was an action for dower. But iivboth qf-thesq eases the affidavits, were filed before the argument on the' meritá; and in Bush
 
 v.
 
 Parker, (5 Cr., 257,) Mr. Justice Livingston expressed his opinion strongly against giving time to file affidavits of value, and the court refused to. continue the case for
 
 *393
 
 that purpose. And in the class of cases above mentioned, in which affidavits are received, there is no instance in which a case has been postponed or reinstated, in order to give' the party time to produce affidavits of value. Indeed, such a practice would be irregular and inconvenient, and might sometimes produce conflicting affidavits, and bring on a controversy about value, occupying as much of the time of the court as the merits of the ease.
 

 And if this case were one of those in which affidavits.could be received, they come too late after the case has been heard and dismissed for want of jurisdiction. But it is not a case of that description, The value of the lots about to be sold for corporation taxes was involved directly in tlie dispute. Their value is stated in the bill, and the amount of taxes imposed upon them, in order to show that the overcharge made by the corporation was unreasonable and oppressive; and their value is stated by the complainant to be “
 
 over
 
 $500 ”, — the sum mentioned being only one-fourth of the amount required to give jurisdiction to this court; and where the value is stated in the pleadings or proceedings of the court below, affidavit's here have never been received to vary it or enhance it, in order to give jurisdiction. And the affidavit now offered could not have been received, even if filed before the argument of the case.
 

 The motion to reinstate is therefore overruled..