### A. KALKLOSH v. J. WILEY BUNTING.

#### Decided July 1, 1905.

**1.—Appeal in Forma Pauperis—Disqualification of Judge.**

An affidavit by a party desiring to appeal under the statute authorizing
him to do so, though unable to pay costs or give security therefor, on making
proof of his inability before the trial court or the county judge (Rev. Stats.,
art. 1401), can not be made before the county judge, who is his counsel in the
litigation, since the act of such judge in determining the matter is judicial,
and the statute forbids that any county judge shall sit in any case wherein
he may be interested or shall have been of counsel (Rev. Stats., art. 1129),
and the fact that there was no actual contest as to the affiant's inability does
not alter the case.

**2.—Same—Practice on Appeal—Affidavits—Jurisdiction.**

The question as to appellant's right to appeal on the affidavit so made,
having risen after the final judgment below and being one which could not
have been put in issue in the lower court, is properly raised in the Appellate
Court by affidavits showing the facts affecting its jurisdiction.

Appeal from the District Court of Parker. Tried below before Hon.
J. W. Patterson.

*R. L. Stennis,* for appellant.

*McCall & McCall,* for appellee.

##### ON MOTION FOR REHEARING.

SPEER ASSOCIATE JUSTICE.—From an adverse judgment in the
District County of Parker County A. Kalklosh has attempted to appeal

to this court, under the provisions of article 1401 of the Revised Statutes, which article reads as follows: "Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and ·shall consist of the affidavit of said party, stating his inability to pay the costs, which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence, and to determine the right of the party under this article to his appeal."

The affidavit provided for in the foregoing article was subscribed and sworn to by Kalklosh before the county judge of Parker County after the adjournment of the District Court trying the case. The county judge at the time was of counsel for Kalklosh in this litigation, and for this reason we dismissed his appeal on a former day, and the matter is again before us on motion for rehearing, the insistence being that the fact that the county judge was of counsel for Kalklosh did not disqualify him in the particular referred to. But we see no reason to change our former holding. The article under which Kalklosh attempted to appeal, and which dispenses with the necessity of an appeal bond in certain contingencies, clearly requires that proof of the appellant's or plaintiff in error's inability to pay the costs ·of appeal, or give security therefor, shall be made either before the county judge of the county where such party resides, or before the court trying the case. It is true that the affidavit of the party, in the absence of a contest, may be taken as sufficient proof by the officer trying the issue. It may be true that such affidavit is necessarily conclusive. Notwithstanding this, the act of the court in determining such matter is a judicial, and not a ministerial, act, and, being such, the proceeding in the present case was violative, generally, of the principle that a man should not act as judge in his own case, and, specially, of article 1129, Sayles' Civil Statutes, providing that: "No judge of the County Court shall sit in any case wherein he may be interested, or where he shall have been of counsel, or where either of the parties may be connected with him by affinity or consanguinity within the third degree." That there was in fact no actual contest instituted can not, we think, affect the conclusion that the act of the county judge was a judicial rather than a ministerial one. It has been held that a disqualified judge can not grant a certiorari to remove the cause from a justice to the County Court (Baldwin v. McMillan, 1 White & W., C. C., par. 515) ; or make an order dismissing a cause for want of prosecution (Garrett v. Gaines, 6 Texas, 435) ; or make an order allowing to be filed an information for a quo warranto (State v. Burks, 82 Texas, 584; or render a judgment in the case even by confession (Chambers v. Hodges, 23 Texas, 105).

This question, arising as it does since the final determination of the cause in the District Court, and being one which could not have been put in issue in that court, is properly raised here by affidavits showing

the facts affecting our jurisdiction. (Nalle v. City of Austin, 22 S. W. Rep., 960.)

For these reasons our former ruling in dismissing the appeal is adhered to, and the motion for rehearing overruled.

*Appeal dismissed.*