DAVIS ET AL., APPELLANTS, *v.* BRYANT, RESPONDENT.

(No. 4,629.)

(Submitted January 30, 1922. Decided February 20, 1922.)

[205 Pac. 209.]

*Attachment—Discharge — When   Unauthorized — Grounds   of Motion   Exclusive—Record   Evidence.*

Attachment—Discharge—Improper Ground—Proceeds of Homestead—Exemption.

1.   Section 6681, Revised Codes 1907, permitting discharge of an attachment on the ground that the writ was improperly or irregularly issued, does not authorize its discharge on the ground that the proceeds of sale of homestead lands were exempt from seizure.

Same—Motion to Dissolve—Determinable on Record Evidence.

2.   A motion to dissolve an attachment must be decided upon the record evidence alone, the inquiry of the court being limited to the very matter specified in the motion; hence where the record was barren of any evidence tending to support defendant's motion, it was error to dissolve the attachment.

*Appeal from District Court, Chouteau County; John W. Tattan, Judge.*

ACTION by Henry Davis and another, copartners, doing business under the firm name of Davis Brothers, against Laura E. Bryant. From an order dissolving an attachment, plaintiffs appeal. Reversed.

Cause submitted on briefs of Counsel.

*Messrs. Stranahan, Towner & Clark,* for Appellants.

The proceeds of lands acquired under the homestead laws of the United States are not exempt from execution or attachment. (*Field* v. *Goat* (Okl.), 173 Pac. 364; *Andrews* v. *Rowan,* 28 How. Pr. (N. Y.) 126; *Scott* v. *Brigham,* 27 Vt. 561; *Ritzville Hardware Co.* v. *Bennington,* 50 Wash. 111, 126 Am. St. Rep. 894, 96 Pac. 826; *Jean* v. *Dee,* 5 Wash. 580, 32 Pac. 460; *Brandhoefer* v. *Bain,* 45 Neb. 781, 64 N. W. 213; *Duell* v. *Potter,* 51 Neb. 241, 70 N. W. 932; *McIntosh* v. *Aubrey,* 185 U. S. 122, 46 L. Ed. 834, 22 Sup. Ct. Rep. 561 [see, also, Rose's U. S. Notes]); 18 Cyc. 1440.)

*Mr. H. S. McGinley,* for Respondent.

The money derived from the sale of the exempt federal homestead was exempt from execution. (*Meacham* v. *Edmonson,* 54 Miss. 746; *Crow* v. *Brown,* 81 Iowa, 344, 25 Am. St. Rep. 501, 11 L. R. A. 110, 46 N. W. 993; *In re Daubner,* 96 Fed. 805; *Blair* v. *Mayer,* 24 S. D. 563, 140 Am. St. Rep. 797, 124 N. W. 721; *Field* v. *Goat* (Okl.), 173 Pac. 364.)

MR. COMMISSIONER HORSKY prepared the opinion for the court.

Appeal from an order dissolving an attachment. Plaintiffs commenced an action in the district court of Chouteau county against the above-named defendant to recover the sum of $658.56, together with interest and costs of suit. A writ of attachment was issued and certain real property belonging to the defendant was levied upon by the sheriff. Subsequently, and on or about October 18, 1917, an *alias* writ of attachment in said cause was issued by the clerk of said court and levy duly made upon money to the amount of $1,060 in the Benton State Bank, belonging to the defendant.

On November 10, 1919, the defendant moved to dissolve the attachment last above made for the reason: "That the said moneys are the proceeds from the sale of a 320-acre

homestead patented to the defendant, Laura E. Bryant, and that said debt made the cause of action if she is liable at all therefor was contracted prior to the issuance of the patent to said lands and by reason thereof, the said homestead lands, together with the proceeds from the sale thereof, are exempt from execution or attachment for debts or expenses contracted prior to the time patent was issued.'' The motion specified that it was to be ''made upon the records and files in the cause, and upon such other evidence as it may be necessary to produce, including the record of patent.''

On November 18, 1919, this motion was submitted to the court for decision upon the following papers, to-wit, writ of attachment, *alias* writ of attachment together with returns thereon, copy of patent from the government of the United States, and a deed from the defendant to one Charles Nelson. These were the only papers and the only evidence considered by the lower court in passing upon the motion. Thereafter, and on April 20, 1920, the court made an order dissolving the attachment.

Counsel for plaintiffs invite attention to several matters, any one of which they urge is sufficient to demonstrate the court was in error in dissolving the attachment.

It is first insisted that we are not permitted to pass upon [1] the main question in the case because the motion to discharge the attachment was not made upon the ground that the writ of attachment was improperly or irregularly issued, as provided for in sections 6681, 6682 and 6683 of the Revised Codes, but that the property levied upon was exempt from seizure under a writ of attachment or execution. With this we agree. The question is not one that properly arises upon a motion to dissolve an attachment. (*State ex rel. Malin-Yates Co.* v. *Justice of the Peace,* 51 Mont. 133, 149 Pac. 709; *Holman* v. *Cooper,* 48 Wash. 24, 92 Pac. 781; *Culhane etc. Co.* v. *Farrand,* 34 S. D. 87, 147 N. W. 271.)

But even assuming that the question stated in the motion [2] could be raised in the manner pursued by the defendant

here, we are still confronted with the fact that cases of this character, presented to the lower court on record evidence alone, must be decided "precisely upon what was before the district court; that is, upon record evidence, and nothing else." (*Newell* v. *Whitwell,* 16 Mont. 243, 40 Pac. 866.) The motion advised the lower court that the defendant claimed the money levied upon represented proceeds from the sale of a federal homestead belonging to the defendant, and was therefore exempt from attachment and execution. The inquiry by the district court was limited to the very matter specified in the motion. (*Omaha etc. Co.* v. *Chauvin-Fant etc. Co.,* 18 Mont. 468, 45 Pac. 1087.)

Nowhere in the record evidence, considered by the lower court, is there disclosed any connection between the moneys attached and any homestead entry. The answer of the garnishee, Benton State Bank, and the sheriff's return to the writ of attachment, even if considered of any probative value, are both barren of any suggestion that the moneys attached represented proceeds from the sale of a federal homestead owned by the defendant.

No affidavit was filed by the defendant in support of her motion, and the district court therefore, did not have before it anything to move it to order the writ discharged.

For the foregoing reasons, we recommend that the order appealed from be reversed.

PER CURIAM: For the reasons given in the foregoing opinion, the order appealed from is reversed.

*Reversed.*