ROCHESTER, RESPONDENT, *v.* BENNETT, APPELLANT.

(No. 5,742.)

(Submitted September 17, 1925. Decided October 8, 1925.)

[240 Pac. 384.]

*Mortgage Foreclosure — Jury Trial—Receiver—Improper Appointment — Complaint — When Deemed Amended to Conform to Proof — Executors and Administrators — Personal Judgment Against, Unauthorized.*

Mortgages—Foreclosure—Jury Trial.
  1.  An action to foreclose a mortgage is one in equity which is not changed into one at law by pleadings which raise issues of law on questions incidental to the principal relief sought by plaintiff, and therefore defendant is not entitled to a jury trial.

Same—Insufficient Complaint Deemed Amended to Conform to Proof, When.
  2.  Where in an equity action an objection to the introduction of testimony on the ground that the complaint was insufficient did not raise the point sought to be urged, the pleading will be deemed amended to conform to proof, if the evidence is otherwise sufficient to sustain conclusion of court.

Same—Receivers—Evidence—Insufficiency to Warrant Appointment.
  3.  *Held*, in an action to foreclose a real estate mortgage in which plaintiff prayed for the appointment of a receiver to conserve the rents, issues and profits thereof during pendency of suit and the period of redemption on the ground that the property covered by the mortgage was probably insufficient to discharge the debt, that the evidence did not warrant the appointment of a receiver for that purpose.

---

  2.  Amendment of pleadings in appellate court to conform to proof, see note in L. R. A. 1916D, 841.
  3.  See 19 R. C. L. 563.

[74 Mont. 293.]

Same—Receivers—Power to Appoint to be Exercised With Caution.

4. The power to appoint a receiver should be exercised sparingly, and only upon a strong showing of the necessity therefor, and even then with caution.

Same—Executors and Administrators—Personal Judgment Against, Unauthorized.

5. In a mortgage foreclosure proceeding in which the widow of the decedent mortgagor was made defendant as executrix of his estate, rendition of a decree awarding plaintiff a personal judgment against her in her representative capacity, while error, was not such as required its reversal, it being subject to correction by the trial court without affecting any substantial rights of the parties.

Appeal and Error, 4 C. J., sec. 2683, p. 749, n. 91; sec. 3157, p. 1149, n. 97.

Juries, 35 C. J., sec. 36, p. 166, n. 1, 4.

Mortgages, 27 Cyc., p. 1624, n. 93; p. 1629, n. 38 New; p. 1680, n. 73.

Receivers, 34 Cyc., p. 21, n. 37; p. 22, n. 40.

Trial, 38 Cyc., p. 1378, n. 2.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

SUIT by Albert Rochester against Elizabeth Bennett, individually and as executrix of the last will of Willard Bennett, deceased, and others. From a judgment for plaintiff, defendant Elizabeth Bennett, individually and as executrix of the estate of Willard Bennett, appeals. Cause remanded to district court, with directions to modify judgment in accordance with opinion.

*Mr. F. W. Mettler* and *Mr. E. G. Toomey,* for Appellant, submitted a brief; *Mr. Toomey* argued the cause orally.

In an action on a note and mortgage in which plaintiff seeks a personal judgment against defendant as well as the foreclosure of his mortgage, and the answer sets up payment of the note, which is denied by a reply, it is error to refuse defendant a jury trial on the issue made. (*Cavanaugh* v. *Fuller,* 9 Kan. 233; *McNulty* v. *Mt. Morris Electric Light Co.,* 172 N. Y. 410, 65 N. E. 196; *Le Frois* v. *County of Monroe,* 88

4. Appointment of receiver, when proper, see notes in 64 Am. Dec. 482; 72 Am. St. Rep. 29.

Hun, 109, 112, 34 N. Y. Supp. 612; *Clark* v. *Baker,* 6 Mont. 153, 9 Pac. 911; 24 Cyc. 117.)

The appointment of the receiver in this case is evidently based upon subdivision 2 of section 9301, Revised Codes, authorizing an appointment in an action to foreclose a mortgage "where it appears  *  *  *  that the condition of the mortgage has not been performed and that the property is probably insufficient to discharge the mortgage debt." But the rule governing the appointment of a receiver under this subdivision is no different than that applied to other parts of the same section, and it has been repeatedly held that the power is to be exercised sparingly and with unusual caution, and only to prevent manifest wrong imminently impending, or where there is no other plain, speedy, or adequate remedy. (*Montana Ranches Co.* v. *Dolan,* 53 Mont. 397, 164 Pac. 306; *Masterson* v. *Hubbert,* 54 Mont. 613, 618, 173 Pac. 421.) It is good ground for appointing a receiver in a foreclosure suit where it is shown that the mortgaged property is not worth as much as the amount due on the mortgage, and that the mortgagor or other person liable for the deficiency is insolvent. (27 Cyc. 1624, note 96.)

There is no allegation or proof on the part of the mortgagee, respondent herein, that the defendants, or any of them, are insolvent, or that there is any danger that the plaintiff could not recover the full amount of his mortgage debt on a deficiency judgment. While the rule, supported by the great weight of authority, is as above stated, there are some decisions which hold it unnecessary to show the actual insolvency of the mortgagor, considering it to be enough if it appears that his responsibility is doubtful or questionable. (27 Cyc. 1625, note 99.) Applying the more liberal rule as last above stated to the pleadings and proof of the respondent herein, they still fall far short of falling within the rule, for there is neither allegation nor proof that the responsibility of the

defendants, or of any one of the defendants, is either doubt-
ful or questionable.

There is neither allegation nor proof that plaintiff is threat-
ened with any manifest wrong or injury, requiring the ap-
pointment of a receiver, nor is there any allegation or proof
that he has no other plain, speedy or adequate remedy. There
is an entire absence of both allegations and proof necessary to
move the court to appoint·a receiver. It was not the inten-
tion of the legislature in enacting subdivision 2 of section 9301
to authorize the appointment of a receiver as a matter of
course upon proof that the mortgaged property "is probably
insufficient to discharge the mortgage debt," but to allow ap-
pointments in such a case provided the other elements are also
present, among which are necessity in order to prevent a mani-
fest wrong, and that there is no other plain, speedy or adequate
remedy.

"The complaint or affidavit on which the application for a
receiver is based must state the facts which support one or
more of these conclusions. It is not enough to state the con-
clusions alone. The value must be alleged. A mere averment
that its value is insufficient or that the premises are insufficient
will not do. Allegations of this character may be sufficient
to uphold an order where the attack is collateral, but this can-
not be allowed where, as in this case, there is a direct attack
by appeal." (*Bank of Woodland* v. *Stephens,* 144 Cal. 659,
660, 79 Pac. 379; *Locke* v. *Klunker,* 123 Cal. 231, 55 Pac.
993.)

Not only is the allegation as to the probability that the
property is of insufficient value to pay the debt fatally defective,
but the proof offered in support of such allegation is equally
defective, and insufficient as proof, even if the allegation were
sufficient in form. Furthermore, even if the receiver were
properly appointed, the court had no right or authority to
direct him to collect the rents and apply them to the payment
of the mortgage debt, much less to pay them to the purchaser

[74 Mont. 293.]

of the property at foreclosure sale. As already pointed out, the mortgage does not cover the rents, and to thus in effect reform the mortgage and make it cover the rents would be to make a new contract between the parties. (*Locke* v. *Klunker,* 123 Cal. 231, 55 Pac. 993; *Moncrieff* v. *Hare,* 7 L. R. A. (n. s.) 1005.)

*Messrs. Kremer, Sanders & Kremer,* for Respondent, submitted a brief; *Mr. Alf. C. Kremer* argued the cause orally.

Jury trial: "One result of the equitable character of the statutory processes for enforcing mortgages is that the parties have no right as a matter of course to have the issues tried by a jury, even when judgment is asked for any deficiency and the execution of the note is denied, although the court may in its discretion call in the aid of a jury in any case." (3 Jones on Mortgages, 7th ed., sec. 1443; *Downing* v. *Le Du,* 82 Cal. 471, 23 Pac. 202; *Van Valkenburgh* v. *Oldham,* 12 Cal. App. 572, 108 Pac. 42; *Lindsey* v. *Porter,* 140 Ga. 249, 78 S. E. 848; *Carmichael* v. *Adams,* 91 Ind. 526; *Stilwell* v. *Kellogg,* 14 Wis. 461; *Carroll* v. *Deimel,* 95 N. Y. 252; see, also, *O'Malley* v. *O'Malley,* 46 Mont. 549, Ann. Cas. 1914B, 662, 129 Pac. 501; *Short* v. *Estey,* 33 Mont. 261, 83 Pac. 479; *Steiner* v. *McMillan,* 59 Mont. 30, 195 Pac. 836.)

We maintain that the order appointing the receiver herein is sustained not only by the allegations of the complaint, but by the proofs submitted and by the law in support thereof.

Appellants' argument as to the insufficiency of the complaint is directed merely to the allegations of the complaint that the property covered by said mortgage "is probably insufficient to discharge the entire mortgage debt." If other facts were not set forth in the same paragraph showing the reason for the allegations of the probable insufficiency of the value of the property, the contention that it is the pleading of a mere conclusion of law might have some foundation.

In paragraph IX of the complaint plaintiff first sets forth the fact that the building situated upon the property sought

to be foreclosed is not in itself a complete structure, but that the building, a part of which is located upon the premises to be foreclosed, is also located upon other property not included in the mortgage; that the building consists of a hotel and lobby, three storerooms on the street floor; that the foreclosure is sought only upon a portion of the premises, being that portion situated upon the lot covered by the said mortgage. "Plaintiff states that the property covered by said mortgage is probably insufficient to discharge the entire mortgage debt and that the said property is not of sufficient value in itself to discharge the indebtedness due and owing from the defendants herein to the plaintiff." Plaintiff also alleges the breach of the conditions of the mortgage.

In the proofs submitted at the trial the peculiar physical condition existing regarding the situation of the property and its use and occupancy was gone into, presenting to the court the necessity of having a receiver appointed to preserve the property and to hold the same pending the period of redemption. The unusual physical condition existing, making the mortgaged premises practically inseparable from the other premises whereon no mortgage was held by the plaintiff, made it mandatory that some person be appointed to adjust the rentals and to negotiate for the maintenance of the mortgaged premises in connection with the premises not covered by the mortgage, regarding heat and water, as well as the maintenance and upkeep of the building through that portion of the premises not involved in the foreclosure proceedings. Appellants themselves indirectly conceded this point when they arbitrarily fixed the proportion of the entire rental paid by the tenant, Bradley, as rental upon the mortgaged premises. The proof showed that it was practically impossible to use the mortgaged premises as an independent and separate unit. As all of these matters were considered by the court, undoubtedly the physical condition of the premises influenced the court in its consideration of the probable insufficiency of the value of the

premises to satisfy the mortgage debt and in its appointment
of a receiver herein.

Appellants further contend that even if the receiver were
properly appointed, the court had no right or authority to
direct it to collect the rents and pay them to the purchaser of
the property at foreclosure sale. Under section 9448, Revised
Codes of 1921, the purchaser at sheriff's sale from the time of
sale until redemption is entitled to receive from the tenant in
possession the rents of the property sold, or the value of the
use and occupation thereof. (*Citizens' Nat. Bank* v. *Western
Land & Building Co.*, 64 Mont. 40, 208 Pac. 893; *Toole* v.
*Weirick*, 39 Mont. 359, 133 Am. St. Rep. 576, 102 Pac. 590.)

MR. JUSTICE STARK delivered the opinion of the court.

This is an action to foreclose a mortgage. The complaint
alleges that on October 26, 1918, Willard Bennett and Eliza-
beth, his wife, Milton S. Bennett and Izolia, his wife, executed
and delivered to the South Side State Bank, a corporation, two
promissory notes, each for $6,000, due five years after date,
and to secure payment thereof executed and delivered to said
bank a mortgage covering all of lot 1 in block 10 of the Noyes
and Upton's Railroad addition to the city of Butte, Montana,
that the interest on said notes has been paid down to March
26, 1924, but no further payments have been made thereon.
It is set out that Willard Bennett was deceased and that the
defendant, Elizabeth Bennett, had been appointed executrix
of his will, qualified as such, entered upon the discharge of her
duties, and still continued to perform the same, and that on
October 1, 1923, the South Side State Bank sold, assigned and
transferred said notes and mortgage to the plaintiff, who has
been the owner and holder thereof at all times since.

It is further stated that the plaintiff's claim on said notes
and mortgage had not been presented to the executrix of the
estate of Willard Bennett, deceased, for allowance or rejection,
but the complaint recites that the plaintiff "waives all re-

course against all other property of said estate of Willard Bennett, deceased, except the property in said mortgage described."

It is also alleged that there is a building upon the mortgaged premises which is not in itself a complete structure, a part of it being located on the mortgaged premises and a part upon the adjoining lot 2; that said building consists of a hotel with the lobby and three storerooms on the street floor; that the premises are rented to different occupants, four in number; and that the property covered by the mortgage "is probably insufficient to discharge the mortgage debt, due and owing from the defendants to the plaintiff."

The prayer of the complaint is for the foreclosure of the mortgage and for judgment in the sum of $12,000, with interest, attorney's fees and costs, and that a receiver be appointed for the preservation of the mortgaged property and of the rents, issues and profits thereof during the pendency of the suit and during the period of redemption.

Elizabeth Bennett, widow of Willard Bennett, deceased, Milton S. Bennett, and Izolia Bennett, filed a joint answer, in which the execution of the notes and mortgage is admitted, but the assignment thereof to the plaintiff is denied; and for a separate defense alleged that the notes were executed by each of them without consideration, and consequently are null and void.

Elizabeth Bennett, as executrix, filed a separate answer, in which she sets forth, as a separate and additional defense to that embraced in the other answer, that the estate of Willard Bennett, deceased, is the owner of an undivided one-half interest in lot 1 covered by the mortgage; that as such executrix she has paid the taxes, insurance and other expenses for the maintenance of the property, and has kept the same in tenantable condition; that she has at all times been in the exclusive possession of the property as executrix and as the agent of Milton S. Bennett, the owner of the other undivided half interest of said property. She also alleges, with reference to the

building located on lots 1 and 2, that "the construction arrangement and nature thereof is such that it is physically and practically impossible for one person to have exclusive possession of said lot No. 1 and another person to have exclusive possession of lot 2." She also alleges that, since her qualification as executrix, she has collected the rentals from the property, both lots 1 and 2, and has at all times accounted for the same to the district court of Lewis and Clark county, as required by law, and that as such executrix she is entitled to the exclusive possession of the undivided half interest in the property described in the plaintiff's complaint, as well as lot 2, without interference from the plaintiff until such time as the title to said lot No. 1 shall be vested in the purchaser at foreclosure sale, if such sale be had. By reply issue was joined on the affirmative allegations of the answers.

The complaint was filed on August 5, 1924. On August 28 the plaintiff filed an affidavit reciting that the building located on the mortgaged premises was occupied by tenants who were paying rent to the defendants, and asked for an order restraining them from doing so and for the appointment of a receiver *pendente lite* to collect the rentals from said property. Upon the filing of this affidavit an order to show cause was issued requiring the defendants, as well as the tenants in occupancy, to appear and show cause why the plaintiff should not be granted the relief prayed for in his affidavit, but before there was a hearing thereon the parties entered into a stipulation which recited, in effect, that the rentals on that portion of the building located on lot 1, amounting to $205 per month, and the rentals of a vacant storeroom located in that portion of the building, if it should be thereafter rented, should be paid to the Metals Bank & Trust Company of Butte, subject to the order of the court pending the final decree to be entered in the action which deposit should be made without prejudice to the rights of either the plaintiff or defendants, and "especially without prejudice to the rights of the defendant Elizabeth Bennett to make claim to the entire rentals of the property in

her possession as such executrix.'' Thereupon the plaintiff's application for the appointment of a receiver was dismissed. It appears that an order of the court was made on October 21, 1924, pursuant to and in accordance with the terms of this stipulation. The cause came on for hearing on January 3, 1925. At the opening of the trial the defendants requested that a jury be called to try the issues of fact, which request was denied.

After hearing the testimony, the court entered a judgment in favor of the plaintiff which determined the amount due on the notes, directed a sale of the mortgaged premises to satisfy the same, with attorney's fees and costs of suit, and provided that, if the proceeds of the sale were not sufficient to satisfy the same upon the coming in of the sheriff's return, a judgment should be docketed for the balance against the defendants Elizabeth Bennett, Milton S. Bennett and Izolia Bennett, and that execution might issue thereon.

Amongst other things, the judgment further provided: (1) That the plaintiff should have judgment for the amount of the notes, interest and costs against the defendant Elizabeth Bennett, as executrix of the last will and testament of Willard Bennett, deceased; (2) that the Metals Bank & Trust Company be appointed receiver of the mortgaged property and of the rents, issues and profits thereof from the date of the judgment until the purchaser should be put into possession of the premises under the sheriff's certificate of sale, at which time it was ordered that the receiver should turn over all sums received by it to the purchaser at said sale.

The defendant Elizabeth Bennett, individually and as executrix of the estate of Willard Bennett, deceased, made a motion for a new trial, which was denied, and in both capacities she has appealed from the judgment.

The first matter presented for consideration is whether the [1] court erred in refusing to grant the defendants' request for a jury trial.

[74 Mont. 293.]

It will be noted from the statement of the case that the only issues of fact raised by the pleadings were whether any consideration passed by the makers of the notes other than Willard Bennett, deceased; whether the notes and mortgages belonged to the plaintiff; the amount due thereon; and whether the plaintiff was entitled to have a receiver appointed.

An action to foreclose a mortgage is in equity, but appellant claims that, because plaintiff in the action sought a personal judgment against the defendants who were alleged to have executed the notes, and because the answers raised issues of fact concerning the notes and their assignment to the plaintiff, these issues should have been tried before a jury. These issues, however, were only incidental to the principal relief sought by the plaintiff, which was the foreclosure of the mortgage.

It is well established that, since an action to foreclose a mortgage is a suit in equity, the same cannot be transformed into an action at law by merely raising an issue of law as a defense in the answer. (*Gresens* v. *Martin,* 27 N. D. 231, 145 N. W. 823, and cases cited therein.)

While it has been held in some jurisdictions that, where a suit is brought to recover judgment for the mortgage debt and the foreclosure of the mortgage securing it, the action is primarily for the recovery of a money judgment, and that a jury trial may be demanded, unless the pleadings admit the right to recover on the debt, and the only issue is as to the right to foreclose, which is purely equitable (sec. 35 C. J. 166, and cases cited in the notes); this rule is not applicable under our statute, which provides that there is but one action for the recovery of a debt or the enforcement of rights secured by a mortgage, in which action the court is authorized to direct a sale of the encumbered property, the application of the proceeds to the payment of the amount due to the plaintiff, with costs, and, in the event the amount received from the sale is not sufficient to pay the plaintiff's claim,

judgment may be docketed against the defendants liable therefor as in other cases in which execution may issue. (Sec. 9467, Rev. Codes 1921.)

As stated in 3 Jones on Mortgages, seventh edition, section 1443, page 2: "One result of the equitable character of the statutory process for enforcing mortgages is that the parties have no right, as a matter of course, to have the issues tried by a jury even when judgment is asked for any deficiency and the execution of the note is denied."

A situation similar to the one presented here arose in the case of *Downing* v. *Le Du*, 82 Cal. 471, 23 Pac. 202. In disposing of it the court said: "This precise question was before the court of appeals of New York in a late case, in which the defendants pleaded part payment of the amount due. It was held in that case that the party was not entitled to a jury, the court saying: 'This is an action for the foreclosure of two mortgages on real estate, and was triable by the court. The defendant was not entitled as a matter of right to a trial by jury. Although a sale of the mortgaged premises might result in a deficiency for which a money judgment could be docketed against the defendant liable for such deficiency, such a judgment was not the sole object of the action, but was an incident of the equitable relief sought. It might not even become necessary, as the mortgaged premises might bring a sufficient sum to pay the mortgage debt, and the circumstance that in the contingency of the premises proving insufficient, a judgment for the deficiency might result, did not entitle the defendant to a jury trial.' (*Carroll* v. [*Deimel*] *Daniel*, 95 N. Y. 254.) We are of the same opinion, and hold that a jury trial was properly denied." (See, also, *Van Valkenburgh* v. *Oldham*, 12 Cal. App. 572, 108 Pac. 42; *J. I. Case T. M. Co.* v. *Copren Bros.*, 45 Cal. App. 159, 187 Pac. 772.)

Under our statute and upon authority of the above cases we are of the opinion that the court did not err in denying the request of the defendants for a jury trial.

The next matter for determination is whether the court [2] erred in appointing a receiver. Counsel for appellants have argued with much force that the complaint does not state facts sufficient to justify such appointment. This matter need not be determined. The objections made to the introduction of testimony which was offered in support of the allegations of the complaint with reference to the appointment of a receiver were not sufficiently specific to reach the point that the property covered by the mortgage was probably insufficient to discharge the mortgage debt. If the proof had been sufficient to warrant the court in arriving at that conclusion, the complaint would have been deemed amended to conform thereto. (*Ellinghouse* v. *Ajax Livestock Co.,* 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481; *Galland* v. *Galland,* 70 Mont. 513, 226 Pac. 511.)

It appeared from the testimony introduced in this connec-[3] tion that the building located on the mortgaged property also extended on to lot 2, not covered by the mortgage; that the building was so constructed that, if it should be subdivided so as to operate the portion located on lot 1 as a separate unit, a new stairway would have to be built into the portion located on lot 1, a new heating plant installed therein, and other changes made, all of which would cost about $3,400; but it was not shown that it would be impracticable or impossible to continue to operate the building located on the two lots as a unit without making these improvements.

Two qualified witnesses said that, taking into consideration the amount of the plaintiff's mortgage claim with the expenses of foreclosure, together with the interest to accrue after a sale and during the period of redemption and the amount which would have to be expended in making the alterations in the building located on the mortgaged premises, they con-

sidered it questionable whether the plaintiff could realize dollar for dollar the amount of his mortgage .claim. In addition to this, one of these witnesses testified that, taking the physical condition of the property into consideration, he could not recommend it as good security for a loan of $14,000.

This testimony fell far short of presenting facts to the court from which it could reach a conclusion that the mortgaged property was probably insufficient to discharge the mortgage debt so as to authorize the appointment of a receiver. None of the witnesses gave an estimate of the probable value of the property at the time of the trial. In stating that it was questionable whether the plaintiff could realize dollar for dollar the amount of his loan, the witnesses, in addition to the amount due on the mortgage indebtedness, took into consideration a speculative investment of $3,400 for alterations and repairs, but did not take into consideration the fact that from the time of the sale under foreclosure the purchaser would be entitled to the rents of the property during the period of redemption, amounting to the sum of $205 per month, with a possibility of augmenting this amount by the rental of the vacant storeroom included in the mortgaged premises.

The power to appoint a receiver should be exercised sparingly. A strong showing of necessity therefor should be made, and even then the power should be exercised with caution. (*Hartnett* v. *St. Louis M. & M. Co.,* 51 Mont. 395, 153 Pac. 437; *Brown* v. *Erb-Harper-Rigney Co.,* 48 Mont. 17, 133 Pac. 691.) The facts developed by the above testimony were wholly insufficient to warrant the appointment of a receiver in this case, and the court erred in doing so.

The portion of the decree which awards the plaintiff a [5] personal judgment against the defendant Elizabeth Bennett, as executrix of the estate of Willard Bennett, deceased, is plainly erroneous; but this can be corrected when the case goes back to the district court without affecting any sub-

stantial rights of the parties. (*Gauss* v. *Trump,* 48 Mont. 92, 135 Pac. 910.)

For the reasons above indicated, it is apparent that the judgment as entered by the court cannot stand. This fact, however, does not require its reversal, since this court is authorized by section 8805, Revised Codes of 1921, to modify any judgment or order appealed from and direct the proper judgment or order to be entered.

It is apparent from the record that (1) the plaintiff is entitled to have his mortgage foreclosed, the mortgaged property sold to satisfy the amount due on the secured indebtedness, and, if the proceeds of the sale should not be sufficient to discharge it, then he is entitled to have a deficiency judgment docketed against the defendants Elizabeth Bennett, Milton S. Bennett and Izolia Bennett, the defendants who are personally liable therefor, but that he is not entitled to any other relief; (2) that so much of the decree as purports to give the plaintiff a personal judgment against the defendant Elizabeth Bennett, as executrix of the last will of Willard Bennett, deceased, is not justified and should be stricken therefrom; (3) that the defendant Elizabeth Bennett, as executrix, is entitled to have turned over to her (less such amounts as have been paid therefrom by order of the court for taxes on the mortgaged premises in accordance with the stipulation of the parties above referred to) all funds which have been collected by the Metals Bank & Trust Company as rentals of the building located on the mortgaged premises under the order of October 21, 1924, or as receiver since the date of the decree, and the bank should be directed to pay the same over to her.

The cause is remanded to the district court, with directions to modify the judgment in the respects above pointed out, and, when so modified, it will stand affirmed.

It is ordered that the defendant Elizabeth Bennett, as executrix of the will of Willard Bennett, deceased, recover from the plaintiff one-half of her costs on this appeal.

*Modified.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and MATTHEWS concur.

MR. JUSTICE GALEN, being disqualified, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied, October 22, 1925.