DOGGETT, RESPONDENT, *v.* JOHNSON, APPELLANT.

(No. 5,992.)

(Submitted November 10, 1926. Decided November 29, 1926.)

[251 Pac. 145.]

*Quieting Title — Receivers — Absence of Application for Appointment — Appointment on Mere Notice Void — Jurisdiction.*

Receivers—Application for Appointment Jurisdictional.
1. An application in some form for the appointment of a receiver is jurisdictional; without it the court has no power to act. Hence, where the complaint in an action to quiet title did not state any facts showing the necessity for the appointment of a receiver, and

1. See 23 R. C. L. 40.

plaintiff did no more than give notice that on a day certain he would move for such appointment, there was no pleading warranting the introduction of evidence at the hearing and the court was without jurisdiction to make the appointment.

Same—May Receiver be Appointed in Action to Quiet Title?
2. *Quaere:* May a receiver be appointed in an action to quiet title, under subdivision 6 of section 9301, Revised Codes of 1921, providing that a receiver may be appointed in all cases where receivers have been appointed by the usages of courts of equity?

---

[1]   Receivers, 34 **Cyc.**, p. 112, n. 44.
[2]   Receivers, 32 **Cyc.**, p. 1381, n. 92.

*Appeal from District Court, Broadwater County, in the Fourteenth Judicial District; B. B. Law, Judge of the Ninth District, presiding.*

ACTION by Jefferson D. Doggett against John H. Johnson and others. From an order denying the motion of defendant named to vacate and set aside an order appointing a receiver, said defendant appeals. Remanded with directions.

*Mr. F. W. Mettler,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. F. T. Hooks, Mr. J. R. Wine* and *Mr. William Scallon,* for Respondent, submitted a brief; *Mr. Scallon* argued the cause orally.

HONORABLE HENRY G. RODGERS, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, absent on account of illness, delivered the opinion of the court.

Plaintiff instituted this action to quiet title to certain lands in Broadwater county, and for the purposes of this appeal we will treat the complaint as stating a cause of action. The defendants appeared by demurrer and thereafter plaintiff served upon defendants a notice that he would upon a future date move the court for an order appointing a receiver of the rents, issues and profits of the premises. Upon the date fixed

---

2.   See 23 **R. C. L.** 29.

in the notice the matter came on for hearing; the defendants not appearing. At the close of the evidence then submitted, the court made an order appointing a receiver of the rents and profits of the premises. Thereafter the defendant John H. Johnson, appellant, moved the court to vacate and set aside the order appointing the receiver upon the ground, among others, "that the court was without jurisdiction to make or enter said order." The motion to vacate having been submitted the court overruled the same and this appeal is from the order denying appellant's motion to vacate and set aside the order appointing the receiver.

The complaint in this action does not state any facts to [1] show the necessity for the appointment of a receiver, does not contain an application for the appointment of a receiver, and was evidently drafted only for the purpose of quieting title to the premises. The notice given by plaintiff of his intention to move the court for the appointment of a receiver is not an application for his appointment, but, at best, only a notice that he would move the court at a future date for an order appointing a receiver. It reads: "You and each of you will please take notice that upon the verified complaint filed herein, and upon oral and documentary evidence to be produced at the hearing, the above-named plaintiff will move the above-entitled court, on the 25th day of August, 1925, * * * at 2 o'clock P. M. of said day, or as soon thereafter as counsel can be heard, for an order appointing a receiver of the rents, issues, and profits of the premises described in the complaint in this action, for the year 1925, and for such other and further order as to the court may seem proper."

This notice was not accompanied by affidavit, motion or application, and there was never affidavit, motion or application for the appointment of a receiver served or filed in this cause. It would be a new doctrine to say that a court could be given jurisdiction to determine an important matter and grant affirmative relief by the introduction of oral and documentary evidence before it, when such evidence was introduced without

pleading in any form. An application in some form is jurisdictional, and without it the court has no power to act. The defendant in this case was entitled to have notice as to the grounds upon which the plaintiff asserted his right to have a receiver appointed.

"There must be some application filed on behalf of the party seeking the appointment of a receiver, and invoking the powers of the court to be exercised in that behalf. He must map out by some form of pleading, stating the cause for the appointment of a receiver, that the opposite parties may know on what grounds the right to a receiver is claimed, and that they may know what they have to meet and defend against to prevent the appointment." (*Order of Iron Hall* v. *Baker*, 134 Ind. 293, 20 L. R. A. 210, 33 N. E. 1128; note, Ann. Cas. 1913A, 608.)

Alderson in his work, on Receivers, in section 10, page 151, says: "The bill or application must state facts sufficient to show cause for the appointment of a receiver, and should be verified. The bill may be used and serve the purpose of both a complaint and an application. In such a case it must contain all allegations essential to the appointment of a receiver. But if the bill does not contain averments sufficient to warrant the appointment, it may be supplemented by a separate petition or application, which differs from a motion for a receiver, in that the latter is based on the bill, and moves the court to act upon it: Usually the practitioner anticipates the remedy by appointment of a receiver and drafts the bill so that it contains all averments necessary to warrant the appointment and then the practice is to move for a receiver; the motion being grounded on the bill. But the appointment may also be sought by separate petition or application, filed in the suit."

In the case of *Brundage* v. *Home Savings & Loan Assn.*, 11 Wash. 277, 39 Pac. 666, the court says: "Objection is also made by the appellant that the respondents had no right to read affidavits upon the hearing of the motion for the appoint-

ment of a receiver without first serving them upon the appellant, and, in our opinion, this objection is well taken. It is said in High on Receivers (sec. 84) that the motion should properly be founded on affidavits or papers, copies of which should be served with notice of the application. And in *Jacobs v. Miller,* 10 Hun (N. Y.), 230, the doctrine is laid down that a moving party has no right to read, on motion, affidavits not served."

It is doubtful if under any circumstances a receiver can [2] be appointed in an action to quiet title. We are not aware of any instance where a court has appointed a receiver in such an action; and, if such a power is in our courts, it is by virtue of subdivision 6 of section 9301, Revised Codes of 1921, which provides that a receiver may be appointed "in all other cases where receivers have heretofore been appointed by the usages of the courts of equity." Owing to the fact that this point has not been fully presented, we do not pass upon the same.

For the reasons given, this cause is remanded, with directions to grant defendant's motion to set aside and vacate the order appointing the receiver.

*Remanded, with directions.*

Mr. Chief Justice Callaway and Associate Justices Galen and Stark concur.

Mr. Justice Matthews, being disqualified, did not hear the argument and takes no part in the foregoing decision.