BURGESS, Respondent, *v.* LASBY et al., Appellants.

(No. 6,848.)

(Submitted December 4, 1931. Decided January 7, 1932.)

[9 Pac. (2d) 164.]

*Mr. Frank T. Hooks* and *Mr. J. R. Wine,* for Appellants, submitted a brief and argued the cause orally.

*Mr. E. H. Goodman* and *Mr. Henry C. Smith,* for Respondent, submitted a brief; *Mr. John W. Mahan,* of Counsel, argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This is an appeal from an order denying defendants' motion to vacate and set aside an order appointing a receiver.

The record discloses that on January 18, 1924, plaintiff filed his complaint for the foreclosure of a mortgage upon lands in Broadwater county, and prayed, among other things, for the appointment of a receiver to take possession of the premises and hold the same until the sale under judgment of foreclosure and to account to plaintiff for the rents, issues, and

profits of the premises. Summons was issued and served on the same day. On February 6, defendants interposed a general demurrer to the complaint. On February 13, the following minute entry was made: "Plaintiff's motion for the appointment of a receiver set for hearing on February 14, 1924, at 10 o'clock A. M." The minute entry of February 14 reads: "Plaintiff's motion for the appointment of a receiver this day submitted to court and by court granted." The following entry appears in the register of actions: "Filed February 14, 1924. Order appointing Receiver." On February 18, Chris Bliler made and filed his bond as receiver, and thereafter, on February 23, filed his oath of office, and since that date has acted as receiver of the property involved, and from the operations thereof has accumulated a fund of approximately $6,000, which is now in his hands and subject to the order of the court.

Thereafter the cause was brought to issue and came on for trial on December 9, 1924. From a judgment for defendants, plaintiff appealed to this court, and the judgment was reversed. (*Burgess* v. *Lasby*, 76 Mont. 457, 248 Pac. 192.)

On September 25, 1930, defendants filed their motion to vacate and set aside the order appointing a receiver; the grounds specified in the motion questioned the jurisdiction of the court to appoint a receiver and were founded upon the fact that no application for the appointment was made and filed; that there was not any showing made by plaintiff justifying such appointment, and that defendants were not served with notice of the application or notice thereof.

The motion came on for hearing before the Honorable Charles W. Pomeroy, Judge of the Eleventh Judicial District, and the order appealed from was made and entered. After the transcript on appeal had been filed in this court, plaintiff filed a motion, accompanied by the original order appointing the receiver, dated February 14, 1924, asking that such order be by the court considered in the determination of the appeal. There is attached to the original order an affidavit by the clerk of the district court which recites that the attached order

"is the original order appointing a receiver in said cause; that the name 'William L. Ford' signed thereto is the true and original signature of Honorable William L. Ford, the judge of said court; that this affiant was the duly elected, qualified and acting clerk of said court at the date said order bears, and has been ever since. That said order appointing a receiver is the same order referred to in the Register of Actions in said cause found at page 17 of the transcript on appeal from the order of Judge Pomeroy, refusing to vacate and set aside the said order appointing a receiver, and said entry in said Register of Actions, to-wit: 'Order appointing Receiver,' has reference to the original order which is hereto attached. That to the best of affiant's knowledge and belief said order was taken from the files of said court immediately after it was signed and filed, and before it could be recorded, by some person to this affiant unknown, and was not available at the hearing before Judge Pomeroy for that reason; that at the time of said hearing this affiant did not know the whereabouts of said original order, and never did know where it was until on or about the 5th day of May, 1931, when he received the attached letter marked Exhibit B and signed 'Walsh & Scallon, D. O. B.,' from Miss O'Brien, who is a clerk and stenographer in the office of William Scallon, one of the attorneys for the defendants herein; that said original order appointing a receiver was returned in said letter from Miss O'Brien and was thereupon immediately recorded by this affiant as shown by the endorsement thereon."

Defendants have filed a motion to strike plaintiff's motion, ██ ██ together with the original order and the clerk's affidavit, upon the ground that the original order is not a part of the record on appeal and was not presented to, nor considered by, the lower court in making the order appealed from.

The order in question recites: "This matter coming on regularly to be heard upon notice this 14th day of Feb. 1924, at 10 o'clock A. M., upon plaintiff's application for the appointment of a receiver to take charge of the premises described

in the complaint herein. \* \* \* E. H. Goodman, Esq. and John A. Matthews, Esq. appearing for plaintiff, and Frank T. Hooks, Esq. of counsel for defendants, appearing for defendants, and it satisfactorily appearing to the court from the complaint on file herein and the showing made in open court on said hearing, that the said premises have been abandoned by the defendants, \* \* \* and is in danger of waste and depreciation and that the said premises will, under present conditions, probably not bring sufficient on sale thereof to satisfy the lien of plaintiff against the same, \* \* \* and that it is necessary that, at this time, a receiver be appointed to take charge of the said premises pending the final settlement of this case. Now Therefore, it is hereby ordered, adjudged and decreed that Chris Bliler, a fit and proper person be and he is hereby appointed receiver of the said premises and all thereof during the pendency of this action to take charge of the said premises and care for the same, with power and authority to rent the said premises and secure therefrom such rents, issues and profits as may be secured. \* \* \* ''

The record discloses that the court had jurisdiction over the defendants and the subject matter of the action, and the original order appointing the receiver shows that the statutory provisions relating to the appointment of receivers were complied with, and from the record we cannot say that there was not full compliance with all statutory requirements.

If, then, the original order may properly be considered by us, the order appealed from must be affirmed.

We agree with defendants' counsel that ''this case is without parallel in Montana jurisprudence. Many questions involving the law applicable to receivers have been presented to this court, but in none of them is there a situation presented like that presented here.'' Indeed, a careful search of the authorities fails to disclose a case presenting facts at all similar to those here involved.

''Numerous decisions support the doctrine that evidence *dehors* the record, whether by affidavit or otherwise, will not

be entertained by the appellate court to supply deficiencies in the record." (4 C. J. 558.) This doctrine has been recognized and applied by this court. (*Newell* v. *Whitwell*, 16 Mont. 243, 40 Pac. 866; *Davis* v. *Bryant*, 62 Mont. 352, 205 Pac. 209; *Roecher* v. *Commercial National Bank*, 87 Mont. 570, 289 Pac. 388; *Griffith* v. *Montana W. G. Assn.*, 75 Mont. 466, 244 Pac. 277.) However, the rule is not of universal application. It has been held that evidence *dehors* the record is competent to show that the question involved has become moot (*State ex rel. Rankin* v. *Martin*, 65 Mont. 323, 211 Pac. 210; *State ex rel. O'Grady* v. *District Court*, 58 Mont. 695, 198 Pac. 1117; *Keely* v. *Ophir Hill Consol. Mining Co.*, (C. C. A.) 169 Fed. 601; *Schevenell* v. *Blackwood*, (C. C. A.) 35 Fed. (2d) 421); to show want of equity (*Corey* v. *Sunburst Oil & Gas Co.*, 72 Mont. 383, 233 Pac. 909); that pending an appeal the parties settled their controversies (*Carlson* v. *City of Helena*, 38 Mont. 581, 101 Pac. 163; *State ex rel. Begeman* v. *Napton*, 10 Mont. 369, 25 Pac. 1045; *Snell* v. *Welch*, 28 Mont. 482, 72 Pac. 988; *In re Black's Estate*, 32 Mont. 51, 79 Pac. 554; *State ex rel. Brass* v. *Horn*, 36 Mont. 418, 93 Pac. 351); that the action is collusive (*Carlson* v. *City of Helena*, supra; *Lord* v. *Veazie*, 8 How. 251, 12 L. Ed. 1067; *Hatfield* v. *King*, 184 U. S. 162, 46 L. Ed. 481, 22 Sup. Ct. Rep. 477; the fictitious character of the suit (*Ward* v. *Alsup*, 100 Tenn. 619, 46 S. W. 573); the entry of the appeal (*Garrison* v. *Parsons*, 41 Fla. 143, 25 South. 336); the circumstances under which an appeal was dismissed (*Titley* v. *Kaehler*, 9 Ill. App. 537); the right to appeal *in forma pauperis* (*Kalklosh* v. *Bunting*, 40 Tex. Civ. App. 233, 88 S. W. 389); the proper serving, signing, and settlement of the case-made (*Roser* v. *Fourth National Bank*, 56 Kan. 129, 42 Pac. 341; *Jones* v. *Kellogg*, 51 Kan. 263, 37 Am. St. Rep. 278, 33 Pac. 997); to show circumstances occurring subsequently to the appeal, which materially affect the rights involved (*Sewell* v. *Johnson*, 165 Cal. 762, Ann. Cas. 1915B, 645, 134 Pac. 704, 706); to sustain, though not for reversing, a verdict or decision otherwise unimpeachable (*Petersen* v. *City of New*

*York,* 133 Misc. Rep. 720, 233 N. Y. Supp. 295; *People* v. *Flack,* 216 N. Y. 123, 110 N. E. 167).

In a suit for infringement of a copyright the court held that it might note *aliunde* the record the fact that pending the appeal the statutory notice had been given to create compulsory license, and that it had been accepted and royalties paid. (*Ricordi Co.* v. *Columbia Graphophone Co.,* (C. C. A.) 263 Fed. 354.) "An appellate court may avail itself of authentic evidence outside of the record before it of matters occurring since the decree of the trial court when such course is necessary to prevent a miscarriage of justice, to avoid a useless circuity of proceedings, to preserve a jurisdiction lawfully acquired, or to protect itself from imposition or further prosecution of litigation where the controversy between the parties has been settled, or for other reasons has ceased to exist." (*Ridge* v. *Manker,* (C. C. A.) 132 Fed. 599, 601.) It has been held that, in passing on questions of jurisdiction, an appellate court is not confined to the record and may consider evidence *dehors* the record. (*United States* v. *Trans-Missouri Freight Assn.,* 166 U. S. 290, 41 L. Ed. 1007, 17 Sup. Ct. Rep. 540; *Richmond* v. *City of Milwaukee,* 21 How. 391, 16 L. Ed. 72; *Bank of Union* v. *Loeb,* 71 W. Va. 494, 76 S. E. 883; *Hannah* v. *National Bank,* 53 W. Va. 82, 44 S. E. 152; *Castell* v. *Sterling Fire Ins. Co.,* 69 Misc. Rep. 354, 125 N. Y. Supp. 788.)

"The rule that the power of a court to consider on a pending appeal only matters which appear in that record is not of universal application, nor is the court always confined in the consideration and disposition of such appeal to the record therein. On the contrary, matters often arise subsequent to an appeal which may be brought before this court on evidence outside the record, and which will be considered and acted on in disposing of the appeal." (*Sewell* v. *Johnson,* supra.)

Here there cannot be any doubt but that the original order now before us was duly made by the district court and sustains the fidelity of the order appealed from. The fact that it was not before or considered by the lower court and

its absence from the record on appeal cannot be attributed to any fault on the part of plaintiff. If, as the authorities hold, evidence *dehors* the record of matters arising subsequent to an appeal may be considered, why, then, in reason and in furtherance of justice, may not the original order be examined by this court for the purpose of determining the truth regarding the appointment of the receiver? In our opinion, under all the circumstances, it must be considered. This, by the clear dictate of equity, to prevent a miscarriage of justice and to preserve jurisdiction of the lower court in the receivership proceedings. To do otherwise would be a wanton disregard of every rule of right and justice and a trifling with the rights of litigants.

This conclusion will not work any prejudice to defendants. Under the terms of the mortgage it is stipulated that, in the event the mortgagors, defendants here, fail to comply with any or all of the conditions of the mortgage, the debt secured thereby shall .become due and collectible, "and all rents and profits of said property shall then immediately accrue to the benefit of the said mortgagee." This provision did not create a lien on the rents and profits; it only conferred a right upon the mortgagee to impose a lien as additional security for the payment of the mortgage debt. (*Long* v. *W. P. Devereux Co.*, 87 Mont. 198, 286 Pac. 402; *Hastings* v. *Wise*, 89 Mont. 325, 297 Pac. 482.) Here the mortgage did not give the mortgagee the right of possession, and plaintiff, desiring to avail himself of the right to rents and profits pledged by defendants upon the mortgaged premises, as was his right, invoked the aid of a court of equity for the appointment of a receiver to take possession of the rents and profits; the order appointing a receiver shows that the court had jurisdiction to make the order and that the proceedings were regular. All moneys received by the receiver are held as additional security for the mortgage debt, and defendants will, at the proper time, be credited therewith, and plaintiff will have the security provided for under the terms of the mort-

gage, or, if the defendants prevail in the mortgage foreclosure suit, the rents and profits will inure to their benefit.

For the reasons given the order appealed from is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN and ANGSTMAN concur.

MR. JUSTICE MATTHEWS, being disqualified, did not hear the argument and takes no part in the foregoing decision.

---

ON PETITION FOR REHEARING.

(Decided March 1, 1932.)

MR. JUSTICE FORD delivered the opinion of the court.

On petition for rehearing counsel for defendants contend that questions decisive of the case were overlooked by the court and they undertake to point out that the record with the original order considered does not affirmatively show that there was due compliance with the statutory requirements relating to the appointment of a receiver. The contention is predicated upon the fact that the register of actions does not show any application for the appointment of a receiver, or that notice of the hearing was filed as required by statute. From this it is argued that no application was made and that notice was not served upon defendants.

Defendants' proof goes no further than to establish that the register of actions did not show the filing of the papers mentioned, but there is not any evidence that they were not in fact filed or that defendants were not served with notice as recited in the order appointing the receiver. That is to say, the evidence does not show that the recitals contained in the order of appointment are not true.

"The clerk must keep among the records of the court a register of actions. He must enter therein the title of the action, with brief notes under it, from time to time, of all

papers filed and proceedings had therein." (Sec. 9822, Rev. Codes 1921.) It is presumed "that official duty has been regularly performed." (Sec. 10606, subd. 15, Id.) In other words, it will be presumed that, had application and notice of hearing been filed, the clerk would have made the proper entries in the register of actions; that is, that he performed his statutory duty. But this same presumption attaches to the official acts of the court. Furthermore, it is presumed "that a court or judge, acting as such * * * was acting in the lawful exercise of his jurisdiction." (Id., subd. 16; *Bury* v. *Bury*, 69 Mont. 570, 223 Pac. 502.)

In the final analysis the petition for rehearing presents this question: Does the presumption that the clerk performed his duty—a ministerial act—overthrow the presumption which attaches to the solemn judicial act and adjudication of the court? To ask the question is to answer it. The formal written order appointing the receiver was signed by the judge, presumably after deliberation and mature reflection upon the matter involved. Such an order should be accorded greater weight, and should be regarded as more solemn evidence of the facts recited therein, than the presumption which attaches to the official acts of the clerk.

"The recital of jurisdictional facts in an order appointing a receiver is prima facie evidence of the existence thereof" (53 C. J. 69; *Starr* v. *Bankers' Union*, 81 Neb. 377, 129 Am. St. Rep. 684, 116 N. W. 61), and the burden of proof was upon defendants to establish all the facts on which they relied as the basis of their motion to vacate and set aside the order appointing the receiver. A judgment or order of a court of general jurisdiction ought not to be set aside except upon clear, satisfactory, and convincing evidence; certainly not upon a mere statutory presumption. The order imports verity and cannot be impugned except on clear and convincing evidence. The integrity and value of our judicial system, as an institution of public justice, rests largely upon this principle, and to permit a statutory presumption to overthrow the solemn judicial act of a court of competent jurisdiction would

subject every order and judgment to uncertainty and make their integrity depend upon the question of whether or not a ministerial officer had fully performed his statutory duty. (*Willis* v. *Superior Court,* (Cal. Sup.) 7 Pac. (2d) 303.)

Had defendants established as facts that no application for the appointment of a receiver was made, or that notice thereof was not served upon them, an entirely different question would be presented, but such a showing was not made; the evidence discloses only that the register of actions does not show that these papers were filed and falls far short of the character of evidence necessary to overcome the presumptions which attach to the order.

The decisions in *State ex rel. Thornton-Thomas Merc. Co.* v. *Clancy,* 20 Mont. 284, 50 Pac. 852, *Forrester* v. *Boston etc. Min. Co.,* 22 Mont. 430, 56 Pac. 868, *State ex rel. Cohn* v. *District Court,* 38 Mont. 119, 99 Pac. 139, *Benepe-Owenhouse Co.* v. *Scheidegger,* 32 Mont. 424, 80 Pac. 1024, *Masterson* v. *Hubbert,* 54 Mont. 613, 173 Pac. 421, *Doggett* v. *Johnson,* 77 Mont. 461, 251 Pac. 145, *Rochester* v. *Bennett,* 74 Mont. 293, 240 Pac. 384, relied upon by defendants on petition for rehearing, in no way conflict with the opinion in this case. In effect, the cases cited correctly hold that on motion to vacate an order appointing a receiver the court will examine into the proceedings back of the order of appointment, and, if it is shown that the court was without jurisdiction to make the order, it will be set aside, but in each of the cases cited the lack of jurisdiction was established beyond question.

The petition for rehearing is denied.

Mr. Chief Justice Callaway and Associate Justices Galen and Angstman concur.

Mr. Justice Matthews, being disqualified, takes no part in the above decision.